

# THE ATTORNEY GENERAL
# OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

March 30, 1950

Hon. Howard D. Dodgen
Executive Secretary
Game, Fish and
Oyster Commission
Austin, Texas

Opinion No. V-1022

Re:  Commissions allowed
from fines for viola-
tions of the Game, Fish
and Oyster laws.

Dear Sir:

You request the opinion of this office on the following question:

"What percent of the fines collected for viola-
tions of game, fish, oyster, fur, trespass and li-
censing laws should be remitted to the Game, Fish
and Oyster Commission?"

Article 950, V.C.C.P., is a general statute concerning
"Commissions on collections," and reads as follows:

"The district or county attorney shall be entitled
to ten per cent of all fines, forfeitures or moneys
collected for the State or county, upon judgments re-
covered by him; and the clerk of the court in which
said judgments are rendered shall be entitled to five
per cent of the amount of said judgments, to be paid
out of the amount when collected."

Article 951, V.C.C.P., provides as follows:

"The sheriff or other officer, except a justice
of the peace or his clerk, who collects money for
the State or county, except jury fees, under any pro-
vision of this Code, shall be entitled to retain five
per cent thereof when collected."

Articles 895, 895a, and 912, V.P.C., deal with the disposi-
tion to be made of money collected from licenses, fines and penal-
ties in consequence of violations of the laws relating to preservation

and conservation of game animals and game birds.

Article 895, V.P.C., (Acts 39th Leg., 1925, ch. 172, p. 387), provides:

"... Said license stubs and penalties and forfeiture of bonds imposed and collected for violation of any of the provisions of this chapter, shall belong to the special game fund of this State, and shall be paid over by the Game, Fish and Oyster Commissioner, to the State Treasurer during the first week of each month, ...."

Article 912, V.P.C., (Acts 39th Leg., 1925, ch. 172, p. 387), provides:

"It shall be the duty of any justice of the peace, clerk of any court, or any other officer of this State, receiving any fine or penalty imposed by any court for violation tof any of the laws of this State pertaining to the protection and conservation of wild birds, wild fowl, wild animals, fish, oysters, and other wild life, within ten days from and after receipt or collection of such fine or penalty, to remit same to the Game, Fish and Oyster Commission at Austin, giving docket number ...."

Article 895a, V.P.C., (Acts 51st Leg., R.S. 1949, ch. 369, p. 704), provides:

"Sec. 6. The method of collecting, recording, reporting and remitting the fees derived from sale of licenses provided for herein shall be the same as provided by law for other hunting licenses; and all moneys received by the Game, Fish and Oyster Commission from sale of big game hunting licenses, as well as moneys collected from violations of this Act, shall be deposited in the State Treasury ...."

It is thus to be observed that Articles 895, 895a, and 912, supra, do not specify a designated amount or percentage

for remittance to the Game, Fish and Oyster Commission. Such being true it is our opinion that the provisions of Articles 950 and 951, V.C.C.P., are applicable, and you are advised that the net amount to be received by you is eighty-five per cent of the fine, or eighty per cent if collection is made under Article 951. This conclusion is in accord with Opinions 0-578, and 0-7317, both by a former Attorney General. We find no legislative enactment requiring a revision of those opinions relative to game animals and game birds.

Articles 923qq, 923q, Section 13, and 923qa, Section 7, V.P.C., are found within the same Title and Chapter, i.e., Title 13, Chapter 6, as the above quoted articles; however, their concern is fur-bearing animals, and the Legislature has seen fit to treat them apart from other game animals.

Article 923qq, V.P.C., (Acts 39th Leg., 1925, ch. 177, p. 436), provides:

> "All moneys collected from the fines and penalties for violation of this Act, and all moneys collected from the sale of trapper's licenses shall belong to the special game fund of this State, and shall be paid over by the Game, Fish and Oyster Commissioner to the Treasurer of the State during the first week of each month, and shall be credited to such special game fund for the enforcement of this Act and the game laws in general, provided county attorneys shall receive ten per centum and officers making collections five per centum of any fines or fine assessed for violation of this Act." (Emphasis added throughout this opinion).

The above quoted statute contains a specific provision designating the amounts to be deducted from the fine or fines assessed for violations of the Act dealing with fur-bearing animals and would control over the general provisions of Articles 950 and 951, V.C.C.P. 2 Sutherland Statutory Construction (3rd Ed. 1943) 541; Townsend v. Terrell, 118 Tex. 463, 16 S.W.2d 1063 (1929); Canales v. Laughlin, 147 Tex. 169, 214 S.W.2d 451 (1948). You are therefore advised that the Game, Fish and Oyster Commission

should receive eighty-five per cent of fines assessed and collected under the above Articles.

Articles 934a and 934b-2, V.P.C., deal with commercial fishermen and wholesale dealers' licenses, and commercial fishing in tidal waters. There being no material difference in the language and purpose of these provisions the construction given one will be equally applicable to the other.

It was stated in Attorney General's Opinion No. 0-6334, dated July 23, 1943, that:

"The language of Section 8 of Article 934a requires the remission of 'all moneys collected because of fines paid for violations of the provisions of this Act.'

"This language does not require the remission of costs of court assessed and collected as such. It does, however, require all fines to be remitted in full to the Game, Fish and Oyster Commission. All moneys collected . . . because of fines paid . . . does not admit of any interpretation save that the intent of the legislature was to require the whole sum collected as a fine for violation of the provisions of the commercial fishing law to be remitted to the Game, Fish and Oyster Commission. Since this is a special provision controlling the disposition of a particular fine, and since the law of which this language forms a part was enacted by the Legislature, and became effective after Articles 950 and 951 of the Code of Criminal Procedure and Article 4025 of the Revised Civil Statutes, it controls the disposition of all moneys collected as fines for violation of the commercial fishing law."

Section 11 of Article 934b-2, V.P.C., (Acts 51st Leg., R.S. 1949, ch. 68, p. 113), contains the identical language of Article 934a, Section 9, V.P.C. Section 11 provides:

"All moneys collected under the provisions
of this Act or because of fines paid for violation
of the provisions of this Act shall be remitted to
the Game, Fish,and Oyster Commission . . . ."

We held in Opinion V-64, dated March 6, 1947, that
"no officer is entitled to a commission on fines assessed for
violations of Article 934a (Commercial Fishing Law), V.P.C."

Therefore, under the "Commercial Fishing Law" all
of the fines assessed and collected should be remitted to the
Game, Fish and Oyster Commission.

The general statutory provision which relates to dis-
position of moneys collected for infractions of the "Fish and
Oyster Law" is Article 4025, V.C.S., which provides:

"Of all fines collected for infraction of the
fish and oyster laws, ten per cent shall go to the
prosecuting attorney, and the residue thereof
shall go to the general fund of this State . . . ."

Section 8 of Article 4032b, V.C.S., Acts 51st Leg., R.S.
1949, ch. 466, p. 864, is an Act pertaining to fresh water fishing
licenses and provides:

"All money received from the sale of llicenses
provided herein, after the payment of the fees al-
lowed under this Act have been deducted, and all
moneys received from penalties assessed for vio-
lations of fresh water fishing laws not otherwise
disposed of by law, after deduction of fees allowed
by law, shall be remitted to the Game, Fish and
Oyster Commission . . . ."

Section 8 of Article 978L-5, V.P.C., enacted by the same
51st Legislature as above, relating to Lake Texoma fishing licenses
provides:

"Any person violating any provision of this
Act . . . and the net amounts of fines so collected
shall be remitted to the Game, Fish and Oyster
Commission . . . ."

It is our opinion that the Legislature intended for the general provisions of Article 4025, V.C.S., to apply to 4032b, V.C.S., and to 978L-5, V.P.C., and that it will control in the absence of more specific provisions for the disposition of penalties; therefore, the Game, Fish and Oyster Commission should receive ninety per cent of fines assessed and collected under the above Acts relating to fresh water fishing and Lake Texoma.

Our final consideration is Article 1377, V.P.C., as amended by Acts 51st Leg., R.S. 1949, ch. 191, p. 368, pertaining to entering inclosed land to hunt or fish, or sometimes referred to as the "Trespass Statute":

". . . Provided that all fines collected under the provisions of this Act assessed on the arrest of any State Game Warden shall be paid into the special Game Fund of the State of Texas."

This is clearly a provision under Title 17, V.P.C., relating to offenses against property and not a part of the "Game and Fish Laws." It is our opinion that Articles 950 and 951, V.C.C.P., will apply to the fines under this Act, except when arrest is made by a State Game Warden. In this latter case, the entire fine assessed and collected should be remitted to the Special Game Fund.

## SUMMARY

Percentum of fines collected for violations of game, fur, fish, oyster and trespass laws to be remitted to the Game, Fish and Oyster Commission are:

1.  Game animals and game birds
    (Arts. 895, 895a, 912, V.P.C.)
    (Art. 950, V.C.C.P.)                          85%
    If collected by Sheriff or other
    officer (Art. 951, V.C.C.P.)                  80%

2.  Fur-bearing animals
    (Arts. 923qq, 923q, 923qa, V.P.C.)            85%

3.  Commercial Fishing
    (Art. 934a, 934b-2, V.P.C.)                100%

4.  Fish and oysters
    (Arts. 4025, 4032b, V.C.S.
    and Art. 978L-5, V.P.C.)                   90%

5.  Trespass (Art. 1377, V.P.C.)
    Arrest by State Game Warden                100%
    By other officers (Arts. 950
    and 951, V.C.C.P) (See #1 above) 85% or 80%

                              Yours very truly,

                              PRICE DANIEL
                              Attorney General

APPROVED:

Ned McDaniel
State Affairs Division          By          V.F. Taylor
                                            V. F. Taylor
Charles D. Mathews                                    Assistant
Executive Assistant


VFT:v