

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

August 16, 1961

Honorable William J. Lowe
County Attorney
Donley County
Clarendon, Texas

Opinion No. WW-1114

Re: Whether a county may
legally purchase and
own a house to be used
for residential pur-
poses by county employees
on a rent free basis by
furnishing the house for
employees as part of their
compensation and related

Dear Mr. Lowe: question.

Your request for an opinion from this office
presents the following questions:

"1. Can the County legally purchase
and own a house to be used for resi-
dential purposes by County employees
on a rent free basis by furnishing
the house for employees as a part of
their compensation.

"2. Can the County legally purchase
and own a house to be used for resi-
dential purposes by County employees
on a basis that the employees will
pay the County reasonable rent there-
for."

Your letter also informs us that the Commis-
sioners' Court desires to purchase the house and move
it on property already owned by the County in a remote
precinct in order to encourage employees of the County
to work in that precinct.

The Commissioners' Court does serve as the
governing body of the County and although its control
extends to nearly every phase of the County's business,
its jurisdiction is not plenary. Its power must be
specifically authorized by the Constitution or the
statutes. Canales v. Laughlin, 147 Tex. 169, 214 S.W.
2d 451 (1948).

Article 2351 of Vernon's Civil Statutes enumerates the various powers and duties of the Commissioners' Courts. Subdivision 7 of that statute provides that the Court shall:

"Provide and keep in repair court houses, jails and all necessary public buildings."

The power to "provide" necessary public buildings has been interpreted to include the purchase of said buildings. Dancy v. Davidson, 183 S.W.2d 195 (Civ.App. 1944, error ref.)

Since the provision quoted above is the statutory authority for the Commissioners' Court to purchase property, the question at hand must be whether the purchase of the house and subsequent removal to the lot is "providing a necessary public building." The case of Dancy v. Davidson, supra, concerned the construction of the same subdivision of Article 2351 and defined the term in question at page 198 as follows:

"By the term 'public building' as used in the statute is meant a building used primarily for public or governmental purposes, that is, to house public or governmental agencies. The power to provide includes the power to purchase. . . . The Commissioners' Court is the legal body authorized under the statute to determine whether or not a 'public building' is 'necessary' and its decision relating thereto can not be disturbed by this Court, except upon a showing of an abuse of discretion. . . ." (per Norvell, J.)

It can be seen from the wording of the Dancy case, supra, that the Commissioners' Court has no power to exercise their discretion unless the building is a "public building." This office has written numerous opinions concerning public buildings and the uses consistent with such buildings. Enclosed is Attorney General's Opinion No. 0-1952 (1940) written prior to the Dancy case, supra, holding that the Commissioners' Court could not construct a building to house agencies not strictly connected with county business as the same did

not come within the purview of Section 7 of Article 2351. This opinion and authorities cited therein define "public buildings" as those essential for the conduct of "strictly county business" and those to house "offices" of various officials of the county.

According to the definitions set out above we must hold that the building in question in Donley County would not be a "public building." Your request states that it is to be used for residential purposes only, which prohibits it from being a "public building" even if such a private use did serve to facilitate the County's business.

It follows that since the building in question is not a "public building" that the Commissioners' Court has no power to decide whether or not it is necessary. Therefore, we need not reach your second question.

### S U M M A R Y

A house to be used for residential purposes by County employees on a rent free basis as part of their compensation is not a "public building," hence the Commissioners' Court has no power to purchase a house to be used by County employees as a residence.

Yours very truly

WILL WILSON
Attorney General of Texas

By
Fred D. Ward
Assistant

FDW:lgh

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

John Lawrence Hargrove
Bob Eric Shannon
Marietta Payne
John Reeves

REVIEWED FOR THE ATTORNEY GENERAL
BY: Houghton Brownlee, Jr.