

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

July 1, 1969

Honorable W. G. Woods, Jr.
District Attorney
75th Judicial District
P.O. Box 431
Liberty, Texas 77575

Opinion No. M-425

Re: Certain questions concerning
the ordering, transportation,
making and payment of and
for autopsies in counties not
having a coroner and not
coming within the provisions
of Article 49.25, C.C.P.,
relating to medical examiners.

Dear Mr. Woods:

Your recent request to this office for an opinion
reads as follows:

"Please furnish this office with an opinion
as to the following questions concerning the
ordering, transportation, making and payment
of and for autopsies. Each question is pre-
faced with the understanding that the county
does not have a coroner nor does it come with-
in the provisions of Art. 49.25, Code of
Criminal Procedure, relating to medical ex-
aminers in certain counties:

"1. Is the decision as to whether an
autopsy is to be performed in connection
with an inquest within the sole descretion
of Justices of the Peace acting as coroners?

"2. In the event the first question is
answered in the affirmative, then can a
commissioners' court legally refuse to pay
a pathologist for his services in performing
an autopsy which has been ordered by a
Justice of the Peace acting as a coroner
in connection with an inquest?

"3. In the event the second question is answered in the negative, then is the amount of the fee for a physician making an autopsy ordered by a Justice of the Peace in connection with an inquest within the sole descretion of the commissioners' court and not subject to review or appeal for being arbitrary and/or unreasonable, so long as such fee is not more than $100.00?

"4. Can a commissioners court legally pay the reasonable and customary charge for transporting a deceased human body to an adjacent county for the purpose of performing an autopsy properly ordered when there is no pathologist in the county where the person dies or the body is found, and if so, can they legally refuse to pay such charges?"

A Justice of the Peace has the duty to hold an inquest under Article 49.01, Code of Criminal Procedure, as amended by S.B. No. 779, Acts 61st Legislature, Regular Session, 1969, under the following circumstances:

"1. When a person dies in prison or in jail;

"2. When any person is killed, or from any cause dies an unnatural death, except under sentence of the law; or dies in the absence of one or more good witnesses;

"3. When the body of a human being is found, and the circumstances of his death are unknown;

"4. When the circumstances of the death of any person are such as to lead to suspicion that he came to his death by unlawful means;

"5. When any person commits suicide, or the circumstances of his death are such as to lead to suspicion that he committed suicide;

"6. When a person dies without having been attended by a duly licensed and practicing physician, and the local health officer or registrar required to report the cause of death under Rule 41a, Sanitary Code of Texas, Article 4477, Revised Civil Statutes, General Laws, 46th Legislature, 1939, page 343, does not know the cause of

- 2125 -

death. When the local health officer or
registrar of vital statistics whose duty
it is to certify the cause of death does
not know the cause of death, he shall so
notify the justice of the peace of the pre-
cinct in which the death occurred and re-
quest an inquest;

"7. When a person dies who has been attended
by a duly licensed and practicing physician
or physicians, and such physician or physicians
are not certain as the cause of death and are
unable to certify with certainty the cause of
death as required by Rule 40a, Sanitary Code
of Texas, Article 4477, Revised Civil Statutes,
Chapter 41, Acts, First Called Session, 40th
Legislature, 1927, page 116. In case of such
uncertainty the attending physician or physicians,
or the superintendent or general manager of the
hospital or institution in which the deceased
shall have died, shall so report to the justice
of the peace of the precinct in which the
death occurred, and request an inquest.

"The inquests authorized and required by
this Article shall be held by the justice of
the peace of the precinct in which the death
occurred, but in event the justice of the peace
of such precinct is unavailable, or shall fail
or refuse to act, then such inquest shall be
conducted by the nearest available justice of
the peace, corporation court judge, county
judge or judge of the county court at law of
the county in which the death occurred."

Article 49.03, Code of Criminal Procedure, as
amended by H.B. No. 1354, 61st Legislature, Regular Session,
1969, reads as follows:

"The justice of the peace may in all cases
call in the County Health Officer, or if there
be none or if his services are not then obtain-
able, then a duly licensed and practicing
physician, and shall procure their opinions
and their advice on whether or not to order
an autopsy to determine the cause of death.
If upon his own determination he deems an
autopsy necessary, the justice of the peace

> shall, by proper order, request the County
> Health Officer, or if there be none or if
> it be impracticable to secure his service,
> then some duly licensed and practicing
> physician who is trained in pathology to
> make an autopsy in order to determine the
> cause of death, and whether death was from
> natural causes or resulting from violence,
> and the nature and character of either of
> them. The county in which such autopsy
> and inquest is held shall pay the physician
> making such autopsy a fee of not more than
> $300, the amount to be determined by the
> Commissioners Court after ascertaining the
> amount and nature of the work performed in
> making such autopsy. In those cases where
> a complete autopsy _is deemed unnecessary by_
> _the justice of the peace_ to ascertain the
> cause of death, he may by proper order, order
> the taking of blood samples or any other
> samples of fluids, body tissues or organs in
> order to ascertain the cause of death or
> whether any crime has been committed. In
> the case of a body of a human being whose
> identity is unknown, the justice of the peace
> _may_, by proper order, authorize such investi-
> gative and laboratory tests and processes as
> are required to determine the identity as
> well as the cause of death." (Emphasis added.)

The final decision as to whether an autopsy shall be ordered is within the discretion of the Justice of the Peace or other officers authorized to act under Section 7 of Article 49.01, Code of Criminal Procedure. Attorney General's Opinions V-365 (1947), WW-1261 (1962), O-4699 (1942), and M-379 (1969).

The authority to order an autopsy is derived ex- clusively from the statute, and the sole purpose for which this authority may be lawfully exercised is the detection of crime. Aetna Casualty and Surety Company v. Love, 132 Tex. 280, 121 S.W.2d 986 (1938).

A Justice of the Peace has no authority to order an autopsy except in connection with the inquest and if he holds an inquest, he must make a written record thereof. Aetna Life Insurance Company v. Love, 149 S.W.2d 1071 (Tex.Civ.App. 1941, error dismissed, judg- ment correct); Article 49.13, C.C.P.

We answer your first question, therefore, that a justice of the peace or other officer authorized in his absense, has the exclusive authority to order an autopsy subject to the foregoing statutory limitations.

In answer to the second question, Art. 49.03, limits the maximum fee to $300.00 for the pay of a duly licensed practicing physician who performs an autopsy. However, the commissioners' court is given authority to determine the reasonable amount of the fee to be paid, based upon the work performed by the physician and within the limit of $300.00. Therefore, the Commissioners' Court cannot legally refuse to pay a pathologist for his services in performing an autopsy which has been properly ordered by the Justice of the Peace. However, in no case shall the payment for such services exceed $300.00.

In answer to your third question, the Commissioners' Court shall determine the amount of the fee to be paid to the physician performing the autopsy after ascertaining the amount and nature of the work performed in making such autopsy. This determination is within the sole discretion of the Commissioners' Court, and, being a judicial function, may be revised, if at all, by appeal or other appropriate proceeding. 15 Tex.Jur.2d 381, Counties §164.

Your fourth question inquires about the payment of charges for transporting a body to an adjacent county for the performance of an autopsy. We have carefully considered the provisions of the Code of Criminal Procedure relating to inquests and autopsies and are of the opinion that they do not authorize that an autopsy be performed in a county other than that in which death occurred. In fact it is expressly provided in Article 49.03 that the county in which the autopsy and inquest is held shall pay the fee of the physician performing the autopsy. You are therefore advised that a Commissioners' Court cannot pay for transporting a body to another county for autopsy purposes. See Canales v. Laughlin, 147 Tex. 169, 214 S.W.2d 451 (1948); Anderson v. Wood, 137 Tex. 201, 152 S.W.2d 1084 (1941).

### SUMMARY

A justice of the peace or other officer authorized by Article 49.01, C.C.P., has the sole discretion to have an autopsy performed in

connection with an inquest. Moreover, the Commissioners' Court is obligated to pay a reasonable fee not to exceed $300.00 dollars and it can not pay for transporting a body to another county for autopsy purposes.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Robert Darden
Assistant Attorney General

APPROVED:

OPINION COMMITTEE
W. O. Shultz, Chairman

Z. T. Fortescue
Scott Garrison
Bill Corbusier
Jim Swearingen

HAWTHORNE PHILLIPS
Executive Assistant