

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

April 15, 1969

Honorable G. R. Close
County Attorney
Ochiltree County Courthouse
Perryton, Texas 79070

Opinion No. M-374

Re: Whether the Commissioners
    Court has authority
    through its County His-
    torical Committee to pur-
    chase a history of the
    county, under the stated
    facts, and a related
    question.

Dear Mr. Close:

You have requested the opinion of this office regarding the above question, and in this connection have provided the following facts:

In 1968 a special committee under the Ochiltree County Historical Survey Committee was formed for the purpose of the preparation, printing, publishing and sale of an Ochiltree County history, to be known as "The Wheatheart of the Plains - A History of Ochiltree County, Texas".

By resolution of March 6, 1969, the Commissioners Court of Ochiltree County authorized the purchase of 4,000 copies of the county history, through the County Historical Survey Committee, and directed that the volumes be distributed and sold at a price of not less than $10.00 per copy. As the books are sold the general fund of the County is to be reimbursed up to the total acquisition price, and any surplus is to be held by the County Historical Survey Committee for use in historical projects, under the direction of the Commissioners Court.

Your second question is whether the Commissioners Court has the authority to make an emergency amendment to the county budget in order to make the payments authorized in the aforementioned resolution, the necessary amounts not having been included in the budget at the time of its adoption.

It is axiomatic that the Commissioners Court is a court of limited jurisdiction, and has only those powers expressly granted by constitution or statute, or those necessarily implied therefrom. Canales v. Laughlin, 147 Tex. 169, 214 S.W.2d 451 (1948). The March 6, 1969 resolution adopted by the Commissioners Court here involved relied upon Articles 2372r and 6145.1, Vernon's Civil Statutes.

Article 6145.1 authorizes the county judge to appoint a County Historical Survey Committee, and reads, in part, as follows:

"...The county is hereby authorized to pay the necessary expenses of such committee. Such committees as are appointed shall institute and carry out a survey of the county to determine the existence of historical buildings, battlefields, private collections of historical memorabilia, or other historical features within the county, and shall thereafter continue to collect data on the same subject as it may become available. The data collected shall be made available to anyone interested therein, and especially to the Commissioners Court and to the Texas State Historical Survey Committee. This Committee shall make any recommendations concerning the acquisition of property, real or personal, which are of historical significance, when requested to do so by the Commissioners Court."

The foregoing statute only authorizes the Commissioners Court to pay the necessary expenses of the County Historical Survey Committee. These expenses may only be those properly incurred in carrying out the assigned duties of the committee. The assigned duties relate only to the gathering of historical data concerning the county. At this point we are not prepared

to say that correlated historical data may not be presented in book form by the committee, but it is our view that the necessary expenses of the committee certainly do not include the printing and publication of a county history for sale to the public.

We are left with the question of whether the Commissioners Court has the authority to buy 4,000 volumes of a county history, with the objective of resale to the general public. The Commissioners Court is given specific authority to make certain expenditures for historical purposes in Article 2372r, which reads as follows:

> "The Commissioners Court of each county of this State, in addition to the powers already conferred on it by law, is hereby empowered to appropriate from the general fund of said counties, monies for the purpose of erecting historical markers, monuments, and medallions, and purchasing objects and collections of objects of any kind which are of historical significance to such county."

Research has revealed no other statute or constitutional provision from which the Commissioners Court may derive authority to make the expenditures contemplated here, and it is our view that the above-quoted provision cannot be extended to include the purchase of county histories such as planned by Ochiltree County.

A "collection" is defined in Webster's Third New International Dictionary, 1966, as "an assembly of objects or specimens for the purposes of education, research or interest". Under such a definition, several thousand copies of the same book could not constitute a "collection of objects" within the terms of the statute.

You are accordingly advised that it is the opinion of this office that under the facts presented, the Commissioners Court of Ochiltree County does not have the authority to purchase copies of a history of the county.

Although not expressly made the subject of inquiry, it is not necessary to reach the problem involved, as to the question of the authority of the Commissioners Court to permit the sale of county property without declaring it to be surplus and unusable, and without taking bids thereon; nor is it necessary to answer your question concerning emergency amendment of the county budget.

## S U M M A R Y

Under the facts presented, Articles 2372r and 6145.1, V.C.S., do not provide authority for the Commissioners Court of a county to expend county funds for the purchase of volumes of a county history, and no other authority exists to provide a basis for such expenditures.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Malcolm L. Quick
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Alfred Walker
Richard Chote
Tom Bullington
Harold Kennedy

W. V. GEPPERT
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant