

THE ATTORNEY GENERAL
OF TEXAS

AUSTIN, TEXAS 78711

*Modified by*
*Art 2372h-4*
*& 4/125*

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 27, 1969

Honorable Jules Damiani, Jr.
Criminal District Attorney
405 County Courthouse
Galveston, Texas 77550

Opinion No. M-334

Re: Whether the Commissioner's
Court may authorize pay-
roll deduction for union
dues of members of the
State, County and Mun-
icipal Workers Union
AFL-CIO?

Dear Mr. Damiani:

You have requested our opinion concerning the above question.

Since the Commissioners Court has no express power to make payroll deductions, it cannot rely upon its implied powers for authorizing this type of disbursement. Texas Constitution, Article V, Section 18, provides that the Commissioners Court shall exercise such powers and jurisdiction over all county matters as is conferred by the Constitution and the laws of the state. In Canales v. Laughlin, 147 Tex. 169, 214 S.W.2d 451, 453 (1948), the Supreme Court of Texas held as follows:

"The Constitution does not confer on the commissioners courts 'general authority over the county business' and such courts can exercise only such powers as the Constitution itself or the statutes have 'specifically conferred upon them.' . . . While the commissioners courts have a broad discretion in exercising powers expressly conferred on them, nevertheless the legal basis for any action by any such court must be ultimately found in the Constitution or the statutes." (Emphasis added.)

In 15 Tex. Jur.2d 265, Counties, Sec. 37, the following is stated:

"The Constitution declares that the Commissioners' Court shall exercise such powers and jurisdiction over all county business as

- 1646 -

is conferred by the Constitution and the laws of the State. <u>Under this provision, the powers of the Commissioners' Courts are limited strictly to county business.</u> The Legislature has no authority to enlarge their powers or jurisdiction to other activities, and any attempt to do so is void." (Emphasis added.)

The Legislature has enacted Article 6252-3a, Vernon's Civil Statutes, authorizing dues deductions from certain city employees, but we find no such statutory authority applicable to county employees. It is noted that in Attorney General's Opinion No. M-77 (1967) this Department held that public employees have the right to present grievances concerning their wages, hours of work, or conditions of work through a labor union that does not claim the right to strike or bargain collectively, but there is no statutory authority for the Commissioners Court to withhold union dues of the union members. We agree with your conclusion that the Commissioners Court may not legally provide for payroll deductions from a county employee's salary for membership dues. This office has previously held that county officials are without authority to make payroll deductions to a county employee's credit union when authorized and requested by county employees. Attorney General's Opinion No. WW-1107 (1961).

## S U M M A R Y

The Commissioners Court may not legally authorize payroll deduction for union dues of members of State, County and Municipal Workers Union AFL-CIO.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Jack Sparks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
W. O. Shultz
Arthur Sandlin
Sam Kelley
Bill Allen

W. V. GEPPERT
Staff Legal Assistant