

# THE ATTORNEY GENERAL

## OF TEXAS

JOHN L. HILL
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

August 29, 1973

The Honorable Robert J. Seerden
Criminal District Attorney
Victoria County Courts Building
Victoria, Texas 77901

Opinion No. H- 91

Re: The availability of
funds for library
purchase of books.

Dear Mr. Seerden:

The question you have submitted to us for our opinion is as follows:

"May a county use funds from a library bond
election to purchase library books under the authority
of Arts. 1677-1696a, V.A.R.C.S., when the ballot
proposition reads as follows:

'The issuance of $1, 250, 000 bonds of Victoria County
to improve land and construct and equip a permanent
public building to be used for library purposes, and
the levy of the tax in payment thereof as submitted in
the Proposition.'"

Powers of the County Commissions are defined by § 18 of Article 5
of the Constitution as those conferred by the Constitution and the laws of
this State. In Canales v. Laughlin, 214 S.W. 2d 451, 453 (Tex. 1948), the
Supreme Court said:

"The Constitution does not confer on the commis-
sioners courts 'general authority over the county business'
and such courts can exercise only such powers as the Con-
stitution itself or the statutes have 'specifically conferred
upon them' . . . While the commissioners courts have a
broad discretion in exercising powers expressly conferred
on them, nevertheless the legal basis for any action by
any such court must be ultimately found in the Constitution
or the statutes."

p. 421

The authority of commissioners courts with reference to county free libraries is generally governed by Articles 1677 to 1696a, Vernon's Texas Civil Statutes. Article 1696a (Acts 1955, 54th Leg., Ch. 194, p. 585) provides in §1 that the commissioners court of any county is authorized to acquire land and build buildings for county library purposes. Payments are to be made from the Constitutional Permanent Improvement Fund.

Section 2 of the Act is:

> "To pay the costs of acquiring land for and of purchasing, constructing, repairing, equipping and improving such buildings and other permanent improvements, the Commissioners Court is hereby authorized to issue negotiable bonds of the county and to levy and collect taxes in payment thereof . . . ."

The answer to your question, therefore, lies in whether or not by use of the word "equipping" the statute should be limited to the use of the proceeds of bonds for what might otherwise be considered the purchase and improvement of real property or whether the proceeds may be used for the purchase of equipment, including books as well.

The word "equip" is defined as meaning "to provide with what is necessary, useful, or appropriate" (Webster's Third International Dictionary). And see Midland Special School District v. Central Trust Co., 1 F 2d 124 (8th Cir. 1924); Buhler v. Department of Agriculture and Markets, 280 N. W. 367 (Wis. 1938); Polliak v. Smith, 88 A. 2d 351 (N. J. Super.1952).

In our opinion the meaning of Article 1696a is that, out of the bond proceeds the county commissioners may pay the costs of acquiring or constructing the physical buildings and placing in them such other properties as are necessary, useful or appropriate to the purpose for which the buildings are acquired or constructed. It is our further opinion that, by that enactment, the Legislature intended to authorize counties to issue bonds for the construction and equipping of libraries which includes furnishing a basic stock of books, with the bonds chargeable to the General Fund. Bexar County v. Mann, 157 S. W. 2d 134 (Tex. 1941). Our answer to your question is that,

where the ballot reads as quoted earlier in this opinion, a county may use funds from the bond election to purchase library books.

### SUMMARY

Under the authority of Article 1696a, Vernon's Texas Civil Statutes, county commissioners may hold a bond election for the purpose not only of building buildings but also for acquiring books for library purposes.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee