GUS CANALES ET AL V. C. WOODROW LAUGHLIN ET AL.

No. A-1768. Decided October 20, 1948.
Rehearing overruled November 17, 1948.
(214 S. W., 2d Series, 451.)

*Perkins & Floyd, Carmel F. Davis*, all of Alice, for petitioners.

The Court of Civil Appeals erred in holding that the Commissioners' Court of Jim Wells County might legally adopt, at a special session, the resolution complained of (and set forth in the opinion of the Supreme Court, herein) without the sub-

mission of same to a vote of the qualified voters of the county, as provided for by Article 6716-1 R. C. S. Acts of 1947. Bryan v. Sundburg, 5 Texas 418, 423; City of Brenham v. Brenham Water Co., 67 Texas 542; Citizens Bank v. City of Terrell, 78 Texas 450, 456.

*Robert Lee Bobbitt,* of San Antonio, *Frank B. Lloyd,* District Attorney of Jim Wells County, and *Homer E. Dean, Jr.,* County Attorney of Jim Wells County, both of Alice, for respondents.

On the proposition that the Court of Civil Appeals correctly held that the commissioners' court of Jim Wells County, could legally adopt the resolution providing for the new road system and electing an officer to carry out such system respondents cite, Galveston County v. Gresham, 220 S. W. 560; City National Bank of Austin v. Presidio County, 26 S. W. 775, and Loving County v. Higginbotham, 115 S. W. (2d) 1110.

MR. JUSTICE HART delivered the opinion of the Court.

Gus Canales, individually and as Commissioner of Precinct Four of Jim Wells County, and Albert D. Gartner and eight other tax-paying citizens of that county brought this suit against the County Judge, the remaining members of the Commissioners Court and certain other county officials to enjoin the expenditure of county funds pursuant to a resolution adopted by the Commissioners Court creating the office of County Road Unit Administrative Officer and employing respondent Bryan Patterson to fill such office. In general, the resolution was attacked as being beyond the legal authority of the Commissioners Court. The District Court sustained special exceptions to the plaintiffs' petition, holding in effect that the Commissioners Court had acted within its legal powers, and entered a judgment of dismissal. This judgment was affirmed by the Court of Civil Appeals. 213 S. W. (2d) 167.

The resolution of the Commissioners Court which is attacked by this suit reads as follows:

"In the Matter of the Appointment of a County Road Unit Administrative Officer
"Minutes of the Court
"Dated: February 2nd, 1948
"Filed:
"Recorded: Vol. 4, pp. 448-450
"Commissioners' Court Minutes

"Jim Wells County, Texas
"The State of Texas
"County of Jim Wells

"Be it remembered, that on the 2nd day of February, 1948, there was begun and held a Special Session of the Commissioners' Court of Jim Wells County, Texas, with the following members present, towit:

| | |
|---|---|
| "C. Woodrow Laughlin | County Judge |
| "Dan J. Scruggs | Commissioner, Precinct No. 1 |
| "T. E. Patterson | Commissioner, Precinct No. 2 |
| "Max Seim | Commissioner, Precinct No. 3 |
| "Gustavo Canales | Commissioner, Precinct No. 4 |

"The Commissioners' Court was opened by proclamation of the Sheriff at the Courthouse Door as prescribed by law; whereupon the following business was transacted:

"It was moved by Commissioner Scruggs and seconded by Commissioner Patterson that the following order and resolution be passed:

"Whereas, Jim Wells County, due to the rapid development of its natural resources and the discovery of large oil and gas fields in the county and due to the rapid increase of its population and vehicular traffic on the county roads, is confronted with a greatly increased necessity and demand for building and maintaining roads for the public welfare and benefit;

"Whereas, the Commissioners' Court finds that a unified program of building and maintaining roads for the County as a whole will be more efficient and economical and will result in better road construction and maintenance than will result from the present system of allowing each precinct to construct, build and maintain its roads without regard to each other precinct and the County as a whole;

"Whereas, the Commissioners' Court has investigated and considered the relative merits of county unit road building and maintenance and the existing precinct system and has determined that Jim Wells County should build, operate and maintain roads as a unit:

"Now, therefore, the Commissioners' Court orders and decrees:

"(1) That from and after this date the roads in Jim Wells County shall be built, operated and maintained as a unit and

that the unit system of operation for road building and maintenance is adopted by the County.

"(2) The construction and maintenance of county roads, the ownership and use of all county road enquipment, materials and supplies and the administration of all employees of the County engaged in road construction or maintenance shall be on the basis of the County as a whole without regard to Commissioner's Precincts.

"(3) The Commissioners' Court shall employ a competent and capable person who shall be known as Jim Wells County Road Unit Administrative Officer who shall have supervision of all road building and maintenance in Jim Wells County and who shall employ and discharge all County road employees.

"(4) The Commissioner's Court shall deal with all county road personnel and employees through the County Road Unit Administrative Officer.

"(5) The County Road Unit Administrative Officer shall give bond in such amount and surety as may be approved by the Commissioners' Court. The premium on such bond shall be paid by the County. The County Road Unit Administrative Officer shall take an official oath of office.

"(6) Before any claim covering the purchase of equipment, materials, supplies and services, the salaries and wages for employees, for work on or in the construction of the roads of the County, shall be approved and ordered paid by the Commissioners' Court, the County Road Unit Administrative Officer shall certify in writing to the correctness of the claim.

"(7) No claim or bill for the purchase of equipment, materials, supplies and services for the roads or fences therefor shall be paid by the Commissioners' Court unless prior to the purchase thereof the recommendation therefor and approval thereof has been obtained from the County Road Unit Administrative Officer.

"Upon the vote being called for, Commissioners Scruggs and Patterson voted 'aye' and Commissioners Canales and Seim voted 'no', whereupon the vote being tied, County Judge Laughlin voted 'aye' and the resolution was duly carried.

"It was moved by Commissioner Seim and seconded by Commissioner Patterson, that Bryan Patterson be appointed County Road Unit Administrative Officer at a salary of $390.00 per

month, upon his giving bond as required by law in the amount of $12,000.00. Motion unanimously carried.

"Whereupon, Bryan Patterson tendered his resignation as Tax Collector-Assessor of Jim Wells County; whereupon, it was moved by Commissioner Canales and seconded by Commissioner Seim that his resignation be accepted and that Jack T. Gladney, Jr., be appointed County Tax Collector-Assessor upon his qualifying and taking the oath as required by law, and that Bryan Patterson continue to serve until Mr. Gladney qualified. Motion unanimously carried.

"There being no further business to be transacted at the Special Session this 2nd day of February, 1948, the Court unanimously agreed to adjourn until the next regularly scheduled meeting thereof.

"Approved: C. Woodrow Laughlin,
"County Judge."

■ In determining the validity of the action of the Commissioners Court, we must consider the relevant constitutional and statutory provisions granting and delimiting its powers. Article V, Section 18, of the Texas Constitution provides that the Commissioners Court "shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed." Article XI, Section 2, provides that the construction of bridges and repairing of county roads shall be provided for by general laws.

The Constitution does not confer on the commissioners courts "general authority over the county business" and such courts can exercise only such powers as the Constitution itself or the statutes have "specifically conferred on them". See Mills County v. Lampass County, 90 Texas 603, 606, 40 S. W. 403, 404; Anderson v. Wood, 137 Texas 201, 203, 152 S. W. (2d) 1084, 1085. While the commissioners courts have a broad discretion in exercising powers expressly conferred on them, nevertheless the legal basis for any action by any such court must be ultimately found in the Constitution or the statutes.

There are no constitutional provisions relevant to this case except those we have referred to above. We must therefore examine the statutes to ascertain whether expressly or by necessary implication the Commissioners Court was authorized to do what it did in this case.

Article 2351, Vernon's Annotated Civil Statutes, provides that each commissioners court shall:

"\* \* \* \* \* \* \* \* \* \*

"3. Lay out and establish, change and discontinue public roads and highways.

"\* \* \* \* \* \* \* \* \* \*

"6. Exercise general control over all roads, highways, ferries and bridges in their county."

Article 6703, Vernon's Annotated Civil Statutes, provides in part:

"The commissioners court shall order the laying out and opening of public roads when necessary, and discontinue or alter any road whenever it shall be deemed expedient."

Article 6713, Vernon's Annotated Civil Statutes, provides in part that:

"Except when road commissioners are employed, the county commissioners shall be supervisors of public roads in their respective counties, and each commissioner shall supervise the public roads within his commissioners precinct once each month.

Article 6736, Vernon's Annotated Civil Statutes, reads as follows:

"All moneys appropriated by law, or by order of the commissioners court, for working public roads or building bridges, shall be expended under the order of the commissioners court, except when otherwise herein provided, and said court shall from time to time make the necessary orders for utilizing such money and for utilizing convict labor for such purposes."

General authority to employ agents is conferred on the commissioners courts by the provisions of Article 1580, which reads as follows:

"The commissioners court may appoint an agent or agents to make any contract on behalf of the county for the erection or repairing of any county buildings, and to superintend their erection or repairing, or for any other purpose authorized by law. The contract or acts of such agent or agents, duly executed and done, for and on behalf of the county, and within his or their powers, shall be valid and effectual to bind such county to all intents and purposes."

Specific authority to employ agents to pereform duties which otherwise would be performed by the county commissioners in connection with county roads and bridges is conferred on commissioners courts by several groups of statutes. The authority to employ road commissioners and their powers and duties are detailed in Articles 6737 through 6742, Vernon's Annotated Civil Statutes. Article 6743 through 6761, Vernon's Annotated Civil Statutes, deal with the employment of road superintendents, who may be appointed either for the county or for each commissioners precinct. Article 6716-1, Vernon's Annotated Civil Statutes (Acts 50th Legislature, 1947, Chapter 178, page 288) authorizes the employment of a county road engineer to have general supervision over the roads of the county, if the provisions of the law are adopted by a majority vote of the qualified voters of the county.

It seems clear that the order under attack is valid in so far as it provides that the roads in Jim Wells County shall be built, operated and maintained as a unit, and that the construction and maintenance of county roads, the ownership and use of all county road equipment, materials and supplies and the administration of all employees of the county engaged in road construction or maintenance shall be on the basis of the county as a whole without regard to commissioners precincts, as is provided in paragraphs 1 and 2 of the resolution. The statutes confer the powers to build and maintain the county roads upon the commissioners court as a unit, and the commissioners court in discharging its duties must consider the needs of the county as a whole. In relation to this question this Court said in Stovall v. Shivers, 129 Texas 256, 262, 103 S. W. (2d) 363, 366:

"By article 2342 of the Revised Statutes, it is provided that the several commissioners, together with the county judge, shall compose the 'commissioners court.' Such court is manifestly a unit, and is the agency of the whole county. The respective members of the commissioners court are therefore primarily representatives of the whole county, and not merely representatives of their respective precincts. The duty of the commissioners court is to transact the business, protect the interests, and promote the welfare of the county as a whole. Among the powers conferred upon such court by article 2351 are the following: The power to lay out and establish, change and discontinue roads and highways, the power to build bridges and keep them in repair, and the power to exercise general control over all roads, highways, ferries, and bridges in their counties. They have the power to levy a tax not to exceed 15 cents on the $100 valu-

ation for roads and bridges. This fund is, of course, for the benefit of all roads and bridges of the county. These provisions of the law, as well as others which might be mentioned, clearly contemplate that the commisisoners court of each county shall regard the roads and highways of the county as a system, to be laid out, changed, repaired, improved, and maintained, as far as practical, as a whole to the best interests and welfare of all the people of the county. It is clearly contemplated that all roads and bridges of the county shall be maintained, repaired, and improved when necessary, as the conditions may require, regardless of the precinct in which same may be located, so far as the funds will equitably justify."

Furthermore, the individual commissioners have no authority to bind the county by their separate action. Orange County v. Hogg, 269 S. W. 225; Parmer County v. Smith, 47 S. W. (2d) 883; Tarrant County v. Smith, 81 S. W. (2d) 537, (writ of error refused) ; Swain v. Montgomery, 154 S. W. (2d) 695, (writ of error refused, want of merit). The petitioner, Canales, as a single county commissioner and the other petitioners as taxpayers therefor have no valid right to complain that they are deprived of any legal rights by the provisions of paragraphs 1 and 2 of the resolution.

■ The principal objection raised by petitioners, however, is to the provisions of the resolution providing for the employment of a County Road Unit Administrative Officer and conferring broad powers on him. No such officer is expressly authorized by this name in any statute. The question remains whether his employment can be sustained under statutes providing for similar agents under other names. An examination of these statutes shows that they contain requirements which were not complied with in this case. Road Commissioners, as provided for under Articles 6737-6742, are limited to a compensation of only two dollars per day, whereas the officer employed here is to receive a salary of $390.00 per month. Road superintendents, who may be employed by the commissioners courts under Articles 6743-6761, are permitted to receive a salary of not to exceed $1,000.00 per annum, under Article 6745. Furthermore, under Article 6743, the order employing any such superintendent must be passed at a regular term of the commissioners court, whereas the present resolution was adopted at a special session of the court, and such superintendent must be employed for two years or until removed by the commissioners court for good cause, whereas no term of employment is mentioned in the resolution before us. Article 6716-1, Ver-

non's Annotated Civil Statutes, requires a majority vote of the qualified voters to authorize the commissioners court to employ a county engineer with the broad powers set out therein, and no such election was held in this case. Such engineer, furthermore, must be a licensed professional engineer, experienced in road construction and maintenance, who shall meet the qualifications required by the State Highway Department for its county engineers, and the present resolution makes no such requirements and it is not claimed that the officer emlpoyed in the present case could meet such requirements.

Respondents, in their effort to uphold the order of the Commissioners Court, place their main reliance upon the provisions of Article 1580, which in broad terms authorizes the commissioners court to appoint an agent for certain named purposes "or for any other purpose authorized by law." To support their contention that this statute authorizes the employment of the administrative officer in the present case, respondents cite the decision of the Commission of Appeals in Gulf Bitulithic Company v. Nueces County, 11 S. W. (2d) 305, which upheld a contract between the Commissioners Court of Nueces County and Gulf Bitulithic Company, under which the company was employed to supervise the construction of county roads to be built with funds raised by the sale of bonds and the company was to be paid on the basis of six per cent of the cost of the construction of the roads. The opinion in that case shows that the Gulf Bitulithic Company had the exclusive right in that territory to use a patented process for paving roads which the Commissioners Court desired to use and that the company, by reason of its experience and efficient organization, ·was particularly well equipped to render advice and assistance. The contract with the company expressly provided that the functions to be exercised by the company would be subject to the supervision, direction and instruction of the Commissioners Court. (See 11 S. W. (2d) at page 308). After pointing out that the contract called for "the performance of services requiring special knowledge, experience, and business ability in the management of a building project of the kind involved", (see 11 S. W. (2d) at page 312) the Commission of Appeals gives its reasons for holding that the Commissioners Court had the authority to make the contract, as follows: (See 11 S. W. (2d) at page 313.)

"The commissioners' court of Nueces County, under the power vested in it by law, had the right to build and construct its public roads without letting a contract therefor, if it saw fit to do so. The power to build such roads necessarily implied the

additional power to employ such agents as might be reasonably necessary to accomplish such purpose. In fact, there is express statutory authority for employment of such agents. Article 1580, R. S. 1925. If it had the power to employ plaintiff in error to supervise the building of its roads, which cannot be seriously questioned, it necessarily follows that it could employ it for such length of time as was reasonably necessary to complete such work. The building of the roads contemplated was planned and designated as one unit, and, if the county was authorized to do this particular work itself, it had the legal right to employ such agents as it deemed necessary, not only to carry one, but to complete the work as originally planned.

"* * * * * * * * * *

"It is conceded by the Court of Civil Appeals that under the law the commissoners' court had the option of expending the bond money in the construction of improved roads by doing the work themselves, or by having the work done by others under a contract awarded upon competitive bids. This being true, we fail to see how a contract designed to accomplish a thing which the county had the authority to do barters away its governmental power. It seems it is more properly the exercise of its delegated power in this respect. There is no inhibition in the law against a county making an exclusive contract for the supervision of the construction of certain designated roads."

The effect of the holding of the Commission of Appeals in the Gulf Bitulithic Company case, supra, is that the commissioners court has the authority to construct the county roads through its own employees instead of letting contracts for fixed sums, and that if it elects to exercise such authority it may employ an agent on a reasonable basis to render the necessity technical service and to give the requisite expert advice.

In our opinion, the present case involves a situation which is essentially different. The purpose of the order under attack here is not to secure specially skilled services of an expert for a particular project, but rather to create an office for the general superintendence of the construction and maintenance of the county's roads and to place very broad powers in the hands of the holder of such office to employ and discharge employees, to fix their salaries or other compensation, and to purchase equipment, materials and supplies. In the Gulf Bitulithic Company case there was no specific statute relating to the employment of the kind of agent that was involved there and the authority of

the Commissioners Court therefore was based on the general provisions of Article 1580. In the present case, however, we find that the legislature has provided several procedures whereby the Commissioners Court may delegate to an employee functions and duties relating to the supervision of the county's roads, but in each instance the statute has made certain requirements which were not complied with by the Commissioners Court in this case.

Article 6716-1 provides a method whereby a unit system can be created with a county engineer having substantially the same powers as the officer employed here, but this statute provides for an election before this plan can be adopted, and specifies qualifications for the person employed and gives him a security of tenure which is not provided for in this case. Articles 6737-6742, relating to the employment of road commissioners, and Articles 6743-6761, relating to the employment of road superintendents, provide methods whereby the commissioners court without an election may hire persons to assume general supervision over the county roads, but admittedly neither statute was followed in this case. The statutes relating to road superintendents, Articles 6743-6761, authorize the employment of agents whose powers and duties most closely resemble the duties of the officer provided for in the present resolution, but this statute was not followed in the present case because, among other things, the resolution was adopted at a special rather than a regular session of the court and the salary paid by the county greatly exceeds the salary which the statute authorizes for road superintendents. The salary to be paid the administrative officer in this case greatly exceeds the compensation allowed for road commissioners in Article 6737. The question therefore is presented whether, where the legislature has specifically authorized the employment of agents having powers of general supervision over the county roads but has hedged the grant of authority with certain requirements, the commissioners court can do what is authorized without observing such statutory requirements.

This question has already been answered in principle by the decisons of this Court. In Ferguson v. Halsell, 47 Texas 421, 423, the Court in an opinion written by Chief Justice Roberts said:

"The general doctrine is, that as the County Court is the agent of the county, in its corporate capacity, it must conform to the mode prescribed for its action in the exercise of the powers confided to it. The prescribing of a mode of exercising a power

by such subordinate agencies of the Government has often been held to be a restriction to that mode."

The same rule was announced in Foster v. City of Waco, 113 Texas 352, 255 S. W. 1104, 1105, by Chief Justice Cureton:

"Another rule, equally well recognized, applies to and controls this case, to wit, that where a power is granted, and the method of its exercise prescribed, the prescribed method excludes all others, and must be followed."

See also State v. Opperman, 74 Texas 136, 11 S. W. 1076; Weaver v. Robinson, 114 Texas 272, 268 S. W. 133; Fort Worth Calvary Club v. Sheppard, 125 Texas 339, 83 S. W. (2d) 660.

Following the reasoning of the cases we have cited above, we believe that it must be concluded that since the legislature has expressly provided that the commissioners courts may employ persons to superintend or supervise the county road system and has placed certain conditions and restrictions on the exercise of this power, these conditions and restrictions must be observed if the authority is to be exercised. Since the statutory requirements have not been observed in this case, the action of the commissioners court cannot be upheld.

Respondents point out that the statutes we have referred to are optional or permissive in their terms, Article 6743 providing, for example, that "no county shall be under the operation of this law whose commissioners court does not appoint a road superintendent or superintendents". The obvious meaning of this provision is that a superintendent need not be employed, but that the statutory provisions must be observed if a superintendent is employed. The same reasoning applies to the other statutes; it is optional for the commissioners courts to exercise the authority therein given, but the statutory safeguards must be respected if the power is to be used.

We do not believe that Article 1580 gives the commissioners court the authority to employ agents to superintend the county road system by the procedure followed in this case. Article 1580 was intended to cover the employment of agents in situations which are not covered by specific statutes. The specific statutes covering this particular situation are controlling in this case over the general provisions of Article 1580. State v. Mauritz-Wells Co., 141 Texas 634, 175 S. W. (2d) 238; Harris County Drainage District No. 12 v. City of Houston, (Com.

App.) 35 S. W. (2d) 118; Townsend v. Terrell, 118 Texas 463, 16 S. W. (2d) 1063.

For the reasons we have stated, we conclude that the order of the Commissioners Court of Jim Wells County under attack is void in so far as it attempts to create the office of Jim Wells County Road Unit Administrative Officer and to employ respondent Bryan Patterson as such officer. The judgments of the Court of Civil Appeals and the District Court are reversed and judgment is here rendered for the petitioners.

Opinion delivered October 20, 1948.

Motion for rehearing overruled November 17, 1948.