

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 13, 1969

Mr. William W. Day
County Attorney, Calhoun County
Port Lavaca, Texas

Opinion No. M-355

Re: Whether Calhoun County
can levy an ad valorem
or a production or any
other kind of tax upon
shell or mud shell.

Dear Mr. Day:

You ask our opinion in answer to the question whether Calhoun County has authority to levy an ad valorem tax or a production tax or any other kind of tax on shell or mud shell taken by permit from the public waters of this state, pursuant to Articles 4051, 4052, 4053 and 4053d,[1] and then sold to private parties who immediately remove same out of the county.

Our opinion is that Calhoun county has no authority to levy a production tax, or any other kind of tax, except an ad valorem tax, upon the shell or mud shell which may be in the county on January 1st of any calendar year and which has acquired a taxable situs in the county for ad valorem tax purposes, pursuant to Articles 7145, 7147 and 7151.

The State of Texas has full soverignty over and ownership in full of all of the waters of the Gulf of Mexico and the arms of the Gulf and of all lands that are covered by these waters either at low or high tide within the boundaries of the State. Art. 5415a.

Shell and mud shell may be removed from the public waters of this state by private parties only under authority of a permit granted them by the state, acting through its Parks and Wildlife Department. Arts. 4051, 4052, 4053 and 4053d.

---

1. All Articles are Vernon's Civil Statutes.

The counties of this State have no inherent taxing power; they derive their taxing power solely from the Constitution and the Statutes. Mitchell County v. City National Bank, 91 Tex. 361, 43 S.W. 880, 883 (1898); 54 Tex.Jur.2d 121-122, Taxation, Sec. 10 and authorities there cited. Counties, through their Commissioners Courts, can exercise only such powers as the Constitution or the Statutes have specifically conferred upon them. Canales v. Laughlin. 147 Tex. 169, 214 S.W.2d 451 (1948).

Counties, however, are granted authority to levy ad valorem taxes. Arts. VIII, Sec. 1, 1-a and 9, Tex.Const. and Arts. 7145, 7147 and 7151. We know of no authority for counties to levy occupation taxes upon the taking of shell and mud shell. Art. VIII, Sec. 1, Tex.Const.; State v. Galveston, H. & S. A. Ry. Co., 100 Tex. 153, 97 S.W. 71, 77-78, (1906, rev. on other grounds, 210 U.S. 217).

Counties have no right to levy a tax or make any other imposition upon any". . . agency or instrumentality which the State has created for the purpose of making effective and administering a part of its laws." City of Dallas v. Texas Employers' Ins. Ass'n., 245 S.W. 946, 950 (Tex.Civ.App. 1922; error dism. 265 S.W. 1113). 54 Tex.Jur.2d 123-124, Taxation, Sec. 11. Nor can any county make an imposition of taxes upon one who holds a license or permit from the State to take the shell or mud shell, because that permit is directly from the State itself. W. D. Haden Company v. Dodgen, 158 Tex. 74, 308 S.W.2d 838 (1958).

## Summary

Calhoun County has no authority to impose a production tax or any other kind of tax, upon shell or mud shell taken by permit from the public waters of this State, pursuant to Articles 4051, 4052, 4053 and 4053d, and then sold to private parties who immediately remove same out of the county, except an ad valorem tax upon the shell or mud

shell which has been severed and sold
and remains in the county on January 1st
of any calendar year, and has acquired
a taxable situs therein.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by W. E. Allen
Assistant Attorney General

APPROVED:

OPINION COMMITTEE
Kerns B. Taylor, Chairman
George M. Kelton, Vice Chairman

Robert Davis
John Grace
Fielding Early
Bill Craig

W. V. Geppert
Staff Legal Assistant