

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

September 4, 1974

The Honorable Martin D. Eichelberger          Opinion No. H- 392
Office of the Criminal District Attorney
Waco, Texas                                   Re: Authority of County to
                                              contract to provide custodial
                                              care for children.

Dear Mr. Eichelberger:

You have asked whether a county through the Commissioners Court may enter into an agreement with other counties to provide custodial care of minor children residing within the region encompassing the several counties.

The Interlocal Cooperation Act, Article 4413 (32c), in § § 4(a), 4(b), V. T. C. S., authorizes a county to contract with other counties for the performance of governmental services and functions, as defined in § 3(2), which all parties to the contract are legally authorized to perform. Under the Act counties may enter into contracts concerning public health and welfare. Article 4413 (32c), § 3(2). Since any agreement under the Act is to be authorized by the governing body of each party to the agreement, the Commissioners Courts of the participating counties must authorize such an agreement.

Counties are authorized to establish and maintain homes for dependent and delinquent children within the county. Article 718(2), and Article 5138, et seq., V. T. C. S. ; Attorney General Opinion V-106 (1947). Through the juvenile court, counties are also authorized to place children in need of supervision in homes operated by other bodies. Section 54. 04 (d)(2)(c), Vernon's Texas Family Code. Article 695a, § 4, V. T. C. S., authorizes counties to create a Child Welfare Board for the express purpose of improving and providing services for children in need of supervision.

p. 1837

With the approval of the Department of Public Welfare, two or more counties may combine in the creation of a Child Welfare Board. According to §4(b) counties combined for this purpose have the same powers as a single county under Article 695a.  A county that does not own or operate a suitable juvenile institution is authorized to pay for the proper care and training of its dependent and delinquent children in the appropriate facility of any county that may agree to receive them.  Article 5138, V. T. C. S.

Inasmuch as a county is statutorily authorized to operate a custodial child care or juvenile detention institution within its boundaries or to pay for similar services from another county, and since authority for a multi-county agreement could be based either upon  Article 5138, V. T. C. S. , or upon the Interlocal Cooperation Act, depending on the nature and scope of the agreement contemplated, we answer your first question affirmatively.

You next ask whether a county may purchase land outside its territorial limits.  Article V, §18 of the Texas Constitution confers on commissioners courts such powers and jurisdiction over county business as are conferred by the Constitution and statutes.  Therefore, the legal basis for any action taken by the Commissioners Court must be found in the Constitution or statutes of Texas.  But once such a legal basis is found, the Commissioners Court has broad discretion in the exercise of its power.  Canales v. Laughlin, 214 S. W. 2d 451 (Tex. 1948).

There is no general Constitutional or statutory grant of power to the Commissioners Court to purchase land within or without the county without reference to the purpose therefore.  Specific statutory authority is given for land acquisition for designated purposes without restricting the location of the land to within the county. Article 2351g-1, V. T. C. S.  Specific authority for other land purchases may be restricted to land within the county.  Article 718 (2), V. T. C. S.

Without information concerning the use for which the land would be purchased, we cannot answer your second question.

## SUMMARY

Counties may enter into an agreement to provide custodial child care of minor children residing within the combined counties by authority of Article 5138, V. T. C. S., or by the Interlocal Cooperation Act, Article 4413 (32c), V. T. C. S.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee

lg