Honorable Joe Resweber County Attorney Harris County Courthouse Houston, Texas 77002
Re: Whether Harris County may charge tolls on the Lynchburg ferry.
Dear Mr. Resweber:
You have requested our opinion regarding whether the commissioners court of Harris County may charge tolls for crossings on the Lynchburg ferry.
The commissioners court has for many years operated the Lynchburg ferry as a free ferry across the Houston Ship Channel. Its authority to do so is derived from article 2351, V.T.C.S., which provides, in pertinent part:
Each commissioners court shall:
. . . .
 2. Establish public ferries whenever the public interest may require.
The commissioners court is not authorized thereby, however, to assess tolls for ferriage. It is well established that a county possesses only those powers specifically conferred by the Constitution and by statute. Canales v. Laughlin, 214 S.W.2d 451,453 (Tex. 1948).
Two statutes, articles 6801 and 1476, V.T.C.S., authorize a commissioners court to assess rates of ferriage. Both relate, however, to the imposition of tolls and charges on privately operated ferries. See V.T.C.S. arts. 6798-6812; 1474-1476. In our opinion, these statutes furnish no basis for concluding that a commissioners court may charge tolls on county-operated ferries. Furthermore, a number of other statutes clearly authorize a county to charge tolls on county-operated bridges and tunnels. See V.T.C.S. arts. 6795a; 6795b; 6795c. See also Attorney General Opinion H-825 (1976). The absence of any such language in article 2351, or elsewhere, authorizing a commissioners court to assess and collect tolls on its county-operated ferries, compels the conclusion that it may not do so.
 SUMMARY
The commissioners court of Harris County may not charge tolls for crossings on the county-operated Lynchburg ferry.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee