Honorable Kerry Knorpp County Attorney Potter County Courthouse Amarillo, Texas
Honorable Randall L. Sherrod Criminal District Attorney Randall County Courthouse Canyon, Texas
Re: Whether Potter and Randall Counties may expend county funds to assist the City of Amarillo in the operation and maintenance of a Helium Monument.
Gentlemen:
You ask whether Potter and Randall Counties may spend county funds to assist the City of Amarillo in the operation and/or maintenance of a Helium Monument. You inform us that the Helium Monument is a stainless steel structure erected upon land located in Potter County and owned by the City of Amarillo. Located on the same parcel of land is a building housing a Texas Tourist Information Bureau. The city pays the cost of a operating and maintaining the grounds, building and monument. The city has requested that both counties share in this cost.
It is suggested that article 3, section 52 of the Texas Constitution prevents the counties from contributing to the cost of the monument. Article 3, section 52 provides in part:
 The Legislature shall have no power to authorize any county . . . to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever. . . .
This provision bars a political subdivision from gratuitously granting its funds to another political subdivision. Harris County Flood Control District v. Mann, 140 S.W.2d 1098 (Tex. 1940); San Antonio Independent School District v. Board of Trustees of San Antonio Electric and Gas System, 204 S.W.2d 22
(Tex.Civ.App.-El Paso 1947, writ ref'd n.r.e.). However, article 3, section 53 does not prohibit a county from contracting with another political subdivision to accomplish a county purpose. See Attorney General Opinion H-413 (1974); M. Willatt, Constitutional Restrictions on Use of Public Money and Public Credit, 38 Tex. B. J. 413 (1975). A county has only those powers expressly granted or necessarily implied from express powers. Canales v. Laughlin,214 S.W.2d 451 (Tex. 1948). Thus, any contractual arrangement with a city must be authorized by a statute or constitutional provision.
A brief submitted in connection with the request describes the monument and associated facilities as a museum, park, or recreational area. Other briefs state that the monument fits none of these descriptions. Whether or not the Helium Monument and adjoining facilities constitute a museum, park, or recreational area is a fact question, which we cannot resolve in the opinion process. The question is initially for the commissioners court of each county to resolve. Of course, no law requires either county to contribute to a park, museum, or recreational area operated by the City of Amarillo.
If the commissioners court makes a good faith determination that the Helium Monument constitutes a museum, park, or recreational area, a number of statutes would authorize a contract to operate it jointly with Amarillo. See, e.g., V.T.C.S. art. 4413(32e) (Interlocal Cooperation Act); 6081e (acquisition of land and buildings within the county for parks, playgrounds, historical museums and sites); 6081f (operation and maintenance of parks); 6081t (joint operation of park and recreation facilities). See also Attorney General Opinions H-413 (1974); M-1113 (1972); V-628 (1948); V.T.C.S. art. 6145.1. The fact that the monument is city-owned does not necessarily bar county participation. See Attorney General Opinion M-1113 (1972). Any contract entered into must conform to the requirements of the statute authorizing it. In addition, the county must receive some benefit from the contract which provides a quid pro quo for its contribution. See Attorney General Opinion H-413 (1974).
 SUMMARY
Article 3, section 52 does not bar a county from contracting with a city pursuant to statutory authority to help operate and maintain a museum, park, or recreational area owned by the city. Whether the Helium Monument is a museum, park, or recreational area is for the determination of the commissioners court.
Very truly yours,
John L. Hill Attorney General of Texas
APPROVED:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee