Honorable Tom O'Connell Criminal District Attorney Collin County Courthouse McKinney, Texas 75069
Re: County contribution to non-profit corporation organized to help the handicapped
Dear Mr. O'Connell:
You ask the following question:
May a county make a capital contribution to a non-profit corporation organized for the purpose of training handicapped adults to acquire job skills for the construction of a building?
The funds at issue are federal revenue sharing funds. A local government is required to spend these funds `in accordance with the laws and procedures applicable to the expenditure of its own revenues.' 31 U.S.C. § 1243(a)(4).
The commissioners court has only those powers that the constitution and statutes have conferred upon it. Canales v. Laughlin, 214 S.W.2d 451 (Tex. 1948). We find no statutory authority for the county to provide assistance to handicapped adults in the manner described. If it did have authority to provide such services itself, if could use revenue sharing funds to provide the services by contract with a private non-profit corporation. See Attorney General Opinion H-127 (1973).
However, in the absence of statutory authorization to provide such services, the capital contribution to the non-profit corporation would constitute a donation of public funds to a private corporation in violation of article III, section 52 and article XI, section 3 of the Texas Constitution. See Attorney General Opinions H-1189 (1978); H-520 (1975); M-661 (1970). Therefore, a county may not make such a contribution.
 SUMMARY
A county lacks authority to make a capital contribution to a non-profit corporation organized for the purpose of training handicapped adults to acquire job skills.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Prepared by Susan L. Carrison Assistant Attorney General