

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

December 23, 1985

Honorable Randall L. Sherrod
Criminal District Attorney
Randall County Courthouse
Canyon, Texas   79015

Opinion No. JM-406

Re: Whether a county may join with other governmental entities in a pool for the operating of a self-funding health plan

Dear Mr. Sherrod:

You inform us that the majority of the Randall County Commissioners Court and some members of the governing body of the city of Amarillo are interested in forming a self-funded health plan pool, consisting of Amarillo and Randall County employees and their dependents, to provide health, medical, and hospital insurance to all members of this class and their dependents. You also inform us that the governing bodies of other entities such as nearby Potter County may also become interested in contracting with the other members of such a pool under the Interlocal Cooperation Act. The pool would be formed by contract among parties.

In that regard, you ask:

> Does the Randall County Commissioners Court have the power to join the city of Amarillo or any other nearby state governmental entity in forming a pool for a self-funding health and hospitalization plan in the nature of self-insurance, receiving voluntary premiums from employees and elected officials of those entities to cover themselves and their dependents?

A county commissioners court has only the powers conferred either expressly or by necessary implication by the constitution and statutes of this state. See Tex. Const. art. V, §18; Canales v. Laughlin, 214 S.W.2d 451, 453 (Tex. 1948). The limited authority granted to local political subdivisions under article 3.51-2 of the Insurance Code does not encompass your particular arrangement; such authority must be found elsewhere. Id. This office has held on numerous occasions that the Interlocal Cooperation Act, article 4413(32c), in sections 4(a) and 4(b), V.T.C.S., authorizes a county to contract with other counties or local political subdivisions for the performance of

governmental services and functions, as defined in section 3(2), which all parties to the contract are legally authorized to perform.  See Attorney General Opinions MW-347 (1981); H-392 (1974); H-28 (1973); M-1278 (1972).  Therefore, the Interlocal Cooperation Act authorizes Randall County to contract with other local entities only if there is independent statutory or constitutional authority for the county to provide a self-funded insurance plan for its department heads, employees, and their dependents.

In Attorney General Opinion MW-473 (1982), this office further held:

> There is statutory authority for a commissioners court to adopt an insurance plan to provide hospitalization insurance for county officials and employees.  V.T.C.S.  art.  2372h-2.   Further authority is also found in the Texas Insurance Code in articles 3.51 and 3.51-2.  However, these statutes do not authorize the implementation of a plan to provide self-insurance or to provide group insurance that would be in contravention of the Texas Insurance Code.

Id. at 1658.  Article 2372h, section 2, V.T.C.S., authorizes a commissioners court of a county having a population of 500,000 or more to adopt rules and regulations to establish a hospital and insurance fund for county employees as a part of their employment contract.  You inform us that Randall County currently has a population of approximately 76,000 inhabitants.  Since there is a particular statute authorizing a plan by certain counties, but no statute regarding Randall County, we conclude that there is no authority for Randall County to join a self-funding health plan for its employees.

Article 3.51-2 of the Insurance Code authorizes any county or political subdivision of a county to procure certain group insurance policies covering officers, employees, and their dependents.  However, the provision does not provide for the self-funded health plan you describe in this request.  Article 3.51-2, part (a) of the Insurance Code only authorizes the county to "procure contracts" or purchase insurance from an insurance company as opposed to specifically allowing the entities to self-fund a health insurance plan as the legislature has provided in another statute amended during the same session.  See Ins. Code art. 3.50-3, §4(d) (governing boards of colleges and universities may provide self-funded insurance plans for employees).

We can find no other independent statutory basis authorizing the Randall County Commissioners Court to provide a self-funded insurance plan for its employees, department heads, and their dependents.  It is

our opinion that the county may not contract with the entities described above under the Interlocal Cooperation Act.

## S U M M A R Y

The Randall County Commissioners Court is not authorized to contract with nearby state governmental entities to form a pool for a self-funding health and hospitalization plan for its employees, department heads, and their dependents.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory
Assistant Attorney General