Ms. Deborah Jo Meadors Robertson County Auditor P.O. Box 646 Franklin, Texas 77856
Re: Whether county funds must be deposited in a designated county depository
Dear Ms. Meadors:
Pursuant to your limited authority to request opinions, you ask two questions in regard to the depositories for county funds in Robertson County. You inform us that at the present time, the county has selected, through the "bid" process, a county depository for the next two years. We assume that this "bid" process is the procedure outlined in articles 2545 and 2546, V.T.C.S. You also inform us that all of the county funds with the exception of the "Road and Bridge Precinct Fund" have been deposited in the bank designated as the county depository.
You further indicate that this "Road and Bridge Precinct Fund" was initially deposited in the designated depository bank when the taxes were collected by the tax collector for that purpose. However, these funds were subsequently transferred to one of four banks located in each of the four county precincts. We understand that warrants are drawn on these four accounts located in the various banks and are signed both by the county auditor and the treasurer. You first ask whether this depository system is in compliance with state law. We conclude that the system is contrary to the system prescribed by the legislature in articles 2544-2549, V.T.C.S.
As a preliminary matter, the Robertson County commissioners court has only the powers conferred either expressly or by necessary implication by the constitution and statutes of this state. See Tex. Const. art. V, § 18; Canales v. Laughlin, 214 S.W.2d 451,453 (Tex. 1948). The legislature has required a county commissioners court to follow a prescribed procedure in exercising its duty to safeguard county funds. See V.T.C.S. arts. 2544-2549. A commissioners court is authorized to enter into a contract with any bank in the county as a depository of county funds, after giving public notice that such contract is made. See V.T.C.S. art. 2544. More than one county depository may be selected. See V.T.C.S. art. 2546.
Article 2549(a), V.T.C.S., provides:
 (a) As soon as said bond be given and approved by the Commissioners Court, an order shall be made and entered upon the minutes of said Court designating such banking corporation, association or individual banker, as a depository for the funds of said county until sixty (60) days after the time fixed for the next selection of a depository; and thereupon, it shall be the duty of the county treasurer of said county immediately upon the making of such order, to transfer to said depository all the funds belonging to said county . . . and immediately upon receipt of any money thereafter, to deposit the same with said depository to the credit of said county. . . . It shall also be the duty of the tax collector of such county to deposit all taxes collected by him, or under his authority, for the State and such County . . . in such depository or depositories, as soon as collected. . . . (Emphasis added).
Thus, all county funds are to be deposited in the county depository for the prescribed period of time. The only exception to this requirement is found in article 2549(c), V.T.C.S., which provides in part:
 (c) Unless expressly prohibited by law or unless it is in contravention of any depository contract between a county and any depository bank, the Commissioners Court may direct the county treasurer to:
 (1) withdraw any amount of funds of the county that are deposited in a county depository and that are not required immediately to pay obligations of the county or required to be kept on deposit under the terms of the depository contract; and
 (2) invest those funds in direct debt securities of the United States.
Consequently, the present depository system in Robertson County is prohibited by this provision.
As indicated above, the road and bridge fund is presently located in four banks that have not been designated as county depositories. The "road and bridge" fund is one of three statutory funds which are to be deposited by the treasurer into the county depository. See V.T.C.S. art. 1628; see also Attorney General Opinion H-1185 (1978). In Attorney General Opinion M-33 (1967) it was held:
 The purpose of the procedures prescribed by the statutes relating to the selection of a county depository is to secure to the county a safe, responsible depository for its funds with a return of interest for use thereof. . . .
There is no indication that the commissioners court has required the additional four banks to comply with any of the bonding requirements specified in article 2547, V.T.C.S. Thus, the funds deposited are unprotected by the procedure. In addition, there is also no indication that these four banks have submitted applications to be considered as a proper county depository. Accordingly, we conclude that the present depository system is contrary to the intent and purpose of articles 2544 through 2549, V.T.C.S.
You also ask whether it is permissible to leave these road and bridge funds in the four banks until such time as you are to select your county depository. We think not. As indicated above, article 2549 requires that these funds be deposited in the county depository until "60 days after the time fixed for the next selection of a depository." See V.T.C.S. art. 2549. See also Attorney General Opinion O-3837 (1941) (bank selected remains the county depository during the terms of the contract).
 SUMMARY
A county commissioners court is not authorized to deposit funds in banks which have not been designated as the county depository in compliance with articles 2544 through 2549, V.T.C.S. Article 2549 requires county officials to deposit all county funds in the designated county depository.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller Executive Assistant Attorney General
 Robert Gray Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Tony Guillory Assistant Attorney General