OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

June 3, 1999

The Honorable J. Russell Ash
Reagan County Attorney
P.O. Box 924
Big Lake, Texas 76932

Opinion No. JC-0065

Re:    Whether a county commissioners court may choose to omit the funds described in section 61.003(a)(1) and (2) of the Government Code from the list of programs to which a juror may donate jury-service reimbursement (RQ-1213)

Dear Mr. Ash:

Section 61.003 of the Government Code requires a clerk to furnish each prospective juror reporting for jury service a form that permits the juror to donate the juror's reimbursement for jury service to certain funds or programs. You ask whether the form must list all of the funds or programs listed in section 61.003(a), or only those entities the commissioners court has approved. More specifically, you ask whether the commissioners may choose to omit the funds described in subsections (a)(1) and (2) from the list of funds or programs to which a juror may donate his or her reimbursement. *See* Letter from Honorable J. Russell Ash, Reagan County Attorney, to Sarah Shirley, Office of the Attorney General (Sept. 22, 1998) (on file with Opinion Committee). We conclude the form must list the funds described in subsections (a)(1) and (2), as well as any programs the commissioners court has approved. "We assume but do not decide that a commissioners court is authorized to approve juror reimbursement donation programs." Tex. Att'y Gen. LO-97-029, at 1 n.2; *see Canales v. Laughlin*, 214 S.W.2d 451 (Tex. 1948) (stating that counties have only authority granted by constitution and statutes).

The plain language of section 61.003(a) is at the heart of your question:

> Each prospective juror reporting for jury service shall be provided a form letter that when signed by the prospective juror directs the county treasurer to donate all of the prospective juror's reimbursement for jury service to:
>
> (1) the compensation to victims of crime fund under Subchapter B, Chapter 56, Code of Criminal Procedure;

(2) the child welfare service fund under Chapter 264, Family Code;[1]

(3) any program selected by the commissioners court that is operated by a public or private nonprofit organization and that provides shelter and services to victims of family violence; or

(4) any other program approved by the commissioners court of the county.

TEX. GOV'T CODE ANN. § 61.003(a) (Vernon 1998) (footnote added; footnote omitted).

You suggest that the word "or" after the semicolon in subsection (a)(3) gives the county commissioners court the authority to prescribe the funds that are listed on the form letter. Under this view, the commissioners court could list any local program it desires (under subsection (a)(4)), but would not be required to list the two state funds described in subsections (a)(1) and (a)(2).

We disagree. In our opinion, the word "or" in subsection (a)(3) provides the *juror* with the authority to choose which of the listed funds or programs should receive the juror's reimbursement, but it does not give the commissioners court discretion to delete the funds described in subsections (a)(1) and (a)(2) from the form altogether. Subsections (3) and (4) simply authorize the county commissioners court to list additional programs.

---

[1]The Seventy-sixth Legislature has enacted, and the Governor has signed into law, Senate Bill 136, which, among other amendments to section 61.003 of the Government Code, amends subsection (a)(2) to read as follows: "the child welfare board of the county appointed under Section 264.005, Family Code." *See* Act of Apr. 23, 1999, 76th Leg., R.S., S.B. 136, § 1 (to be codified at TEX. GOV'T CODE ANN § 61.003(a)(2)). The amendments to section 61.003 become effective September 1, 1999. *See id.* § 2.

## S U M M A R Y

A county commissioners court may not choose to omit either of the funds described in section 61.003(a)(1) or (a)(2) of the Government Code from the list of funds or programs to which a juror may donate jury-service reimbursement.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General