

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

March 13, 2003

The Honorable Michael A. Stafford
Harris County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002-1700

Opinion No. GA-0039

Re: Whether Harris County may participate in the design and construction of a toll bridge from Galveston Island to Point Bolivar (RQ-0608-JC)

Dear Mr. Stafford:

You ask whether Harris County may participate in the design and construction of a toll bridge from Galveston Island to Point Bolivar.

Chapter 284 of the Transportation Code establishes a mechanism by which certain counties may build toll roads. Section 284.002 provides:

> (a) Except as provided by Subsection (b), this chapter applies only to a county that:
>
> > (1) has a population of 50,000 or more and borders the Gulf of Mexico or a bay or inlet opening into the gulf;
> >
> > (2) has a population of 1.5 million or more; or
> >
> > (3) is adjacent to a county that has a population of 1.5 million or more.

TEX. TRANSP. CODE ANN. § 284.002 (Vernon 1999). Harris County satisfies the first two of these criteria, in that its 2000 population exceeds 3.3 million, and it borders Galveston Bay, which is "a bay or inlet opening into the gulf." *Id.* § 284.002(a)(1).

Any toll road project, however, must be authorized by section 284.003, which states:

> A county, acting through the commissioners court of the county, or a local government corporation, without state approval, supervision, or regulation, may:

> (1) construct, acquire, improve, operate, maintain, or pool a project *exclusively in the county or in the county and outside the county*;
>
> (2) issue tax bonds, revenue bonds, or combination tax and revenue bonds to pay the cost of the construction, acquisition, or improvement of a project; or
>
> (3) impose tolls or charges as otherwise authorized by this chapter.

*Id.* § 284.003 (emphasis added). "Project" is defined in section 284.001(3):

> "Project" means a causeway, bridge, tunnel, turnpike, highway, or any combination of those facilities, including:
>
> (A) a necessary overpass, underpass, interchange, entrance plaza, toll house, service station, approach, fixture, and accessory and necessary equipment;
>
> (B) necessary administration, storage, and other buildings; and
>
> (C) all property rights, easements, and related interests acquired.

*Id.* § 284.001(3).

A county may exercise only those powers specifically granted by the Texas Constitution or by statute and those that may be reasonably inferred therefrom. *Canales v. Laughlin*, 214 S.W.2d 451, 453 (Tex. 1948). You state that Harris County, through the Harris County Toll Road Authority ("the Authority"), and in conjunction with the Texas Department of Transportation, proposes to "provide engineering, construction, operation, and maintenance" of a toll bridge from Galveston Island to the Bolivar Peninsula.[1] The toll bridge would exist exclusively within Galveston County. Although Galveston County, which includes Galveston Island and the Bolivar Peninsula, is adjacent to Harris County, the proposed bridge would not be a project that connects to any road in Harris County.

---

[1]Letter from Honorable Michael A. Stafford, Harris County Attorney, to Honorable John Cornyn, Texas Attorney General at 2 (Sept. 13, 2002) (on file with Opinion Committee).

Harris County, under the terms of section 284.003 of the Transportation Code, may construct, acquire, improve, operate, maintain, or pool a project" *either* "exclusively in the county" *or* "in the county and outside the county." TEX. TRANSP. CODE ANN. § 284.003 (Vernon 1999). Section 311.011(a) of the Government Code, part of the Code Construction Act, declares that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998). The only reasonable construction of the language of section 284.003 is that a county's authority under that statute may be exercised either "exclusively in the county" or both "in the county and outside the county." The latter phrase can in no way be read to mean merely "outside the county." If a "project" is partially "outside the county," it must also be partially "in the county" in order for the county to participate in its construction, acquisition, improvement, operation, maintenance, or pooling. Because, as you advise, no part of the proposed Bolivar bridge project is within Harris County, nor is it connected to a facility as defined by section 284.001(3) that is controlled by the Authority, the Authority may not participate in the project.

## S U M M A R Y

Because no part of the proposed Bolivar bridge project is located within Harris County, nor connected to a facility that is controlled by the Harris County Toll Road Authority, the Authority may not participate in the design and construction of a toll bridge from Galveston Island to Point Bolivar.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General - General Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee