# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

July 1, 2013

Ms. Jo Anna Johnson
San Augustine County Auditor
100 West Columbia Street
San Augustine, Texas   75972

Opinion No.  GA-1010

Re:  Whether a commissioners court may enter into an agreement with a third party to fund road construction  (RQ-1107-GA)

Dear Ms. Johnson:

You ask two questions concerning the authority of county officials to enter into an agreement with a private entity whereby the entity agrees to fund repairs to specific county roads.[1]  As you describe the agreement, a construction company will perform work on a county road and bill the county.  Request Letter at 1.  The county will then "pass on billings" to the private entity that has agreed to pay for the construction, and the county will "fund such billings only after matching funds are provided" from the private entity. *Id.*

You first ask whether a county commissioner, acting alone, may enter into an agreement with a private entity to fund the repair of roads in the commissioner's precinct. *Id.* The Legislature has authorized commissioners courts to "make and enforce all necessary rules and orders for the construction and maintenance of public roads" and to "hire the labor and purchase the machinery and equipment needed" to do so. TEX. TRANSP. CODE ANN. § 251.003(a)(1)–(2) (West 1999).  However, a county can act only through its commissioners court, and the "individual commissioners have no authority to bind the county by their separate action." *Canales v. Laughlin*, 214 S.W.2d 451, 455 (Tex. 1948).  Thus, a county commissioner, acting alone, may not enter into an agreement with a private entity to fund the repair of specific roads.

In your second question you ask whether the county may enter into an agreement whereby the treasurer is required to "'send a bill from a construction company to an oil company, the oil company then pay the county, and the treasurer then pay the construction company.'" Request Letter at 2.  State law requires that the county treasurer "shall disburse the money belonging to the county . . . as the commissioners court may require or direct." TEX. LOC. GOV'T CODE ANN. § 113.041(a) (West Supp. 2012).  We find no authority addressing the ability

---

[1]Letter from Ms. Jo Anna Johnson, San Augustine Cnty. Auditor, to Honorable Greg Abbott, Tex. Att'y Gen. at 1–2 (Jan. 31, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter").

of the commissioners court to enter into the specific payment arrangement you describe. However, section 81.032 of the Local Government Code provides the commissioners court with general authority to "accept a . . . donation . . . for the purpose of performing a function conferred by law on the county." *Id.* § 81.032 (West 2008). An opinion of this office concluded that "a commissioners court may accept a donation subject to the condition that it be used to improve a particular road if the court finds the condition to be reasonable." Tex. Att'y Gen. Op. No. GA-0359 (2005) at 3.

A commissioners court may not accept donations with conditions that are unreasonable or inconsistent with other law. Tex. Att'y Gen. Op. No. JC-0073 (1999) at 3; *see, e.g.*, TEX. LOC. GOV'T CODE ANN. § 262.023 (West Supp. 2012) ("Competitive Requirements for Certain Purchases"); TEX. TRANSP. CODE ANN. § 251.008 (West 1999) ("General Requirements for County Roads").[2] It is a matter for the exercise of good-faith discretion by the commissioners court to determine whether the conditions attached to a particular donation are reasonable and consistent with other law. Tex. Att'y Gen. Op. No. JC-0073 (1999) at 3. If the commissioners court determines that all conditions imposed by the donor are reasonable and consistent with other law, section 81.032 of the Local Government Code gives the commissioners court discretion to accept donations of money when doing so would further the county's road-building and maintenance duties.

---

[2]You write that "competitive bidding does not apply to this situation." Request Letter at 1. You do not ask us to make a separate determination in that regard, and therefore, this opinion does not address whether competitive bidding is required in this instance.

## S U M M A R Y

A county commissioner, acting alone, may not enter into an agreement with a private entity to fund the repair of county roads.

Section 81.032 of the Local Government Code gives a commissioners court discretion to accept donations of money with lawful, reasonable conditions attached when doing so would further the county's road-building and maintenance duties.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee