

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

Overruled by H-454
Where Conflicts

JOHN L. HILL
ATTORNEY GENERAL

*affirmed in Buel v. Jones*
*No 3 - 5464 D*
*N. D. 2x/a 4-1-74*

August 5, 1974

The Honorable Edna Cisneros
County & District Attorney
Willacy County
Raymondville, Texas 78580

Opinion No. H- 367

Re: Use of a county's federal revenue sharing funds to provide medical care when the county is coterminous with a hospital district.

Dear Ms. Cisneros:

You have asked our opinion on two questions which are:

1. Can Willacy County legally grant a portion of its Federal Revenue Sharing Funds to Su Clinica Familiar, a non-profit clinic, to subsidize a maternity project which includes pre-natal, intra partum and post partum care for low income residents throughout the county?

2. Can Willacy County legally grant a portion of its Federal Revenue Sharing Funds to the Willacy County Hospital District?

In 1971 the Legislature established the Willacy County Hospital District under the authority of Article 9, Sec. 9 of the Texas Constitution. That Article provides in part:

> . . . that any district so created shall assume full responsibility for providing medical and hospital care for its needy inhabitants . . . [and] that after its creation no other municipality or political subdivision shall have the power to levy taxes or issue bonds or other obligations for hospital purposes or for providing medical care within the boundaries of the district . . . .

Section 18 of Acts 1971, 62nd Leg., ch. 323, p. 1270, the Act creating the Willacy County Hospital District, provides:

> Sec. 18. After creation of the hospital district, no municipality or political subdivision within the boundaries of the district shall have the power to levy taxes or issue bonds or other obligations for hospital purposes or for providing medical care. The said hospital shall assume full responsibility for providing hospital care for the indigents residing within the district; subject to other provisions of this Act.

This office has held that a county may use revenue sharing funds to contract with a private corporation to provide a service or function which the county might have performed itself. Attorney General Opinion H-127 (1973). However, a county may exercise only those powers which are specifically conferred on it by the Constitution and statutes. Canales v. Laughlin, 214 S.W.2d 451 (Tex. 1948); Clark v. Finley, 54 S.W. 343 (Tex. 1899); Article 5, Sec. 18, Texas Constitution. While counties have a general duty to provide support for paupers, Article 2351, V.T.C.S., the Constitution and statutes have given a hospital district "full responsibility for providing medical and hospital care" for the needy inhabitants of Willacy County. Where, as here, a county and a hospital district have identical boundaries, we believe this grant of authority to the hospital district coupled with the prohibition of any use of county tax or bond revenues for hospital or medical care purposes operates to withdraw the county's general medical care powers. Attorney General Opinion M-870 (1971).

A use of revenue sharing funds for the support of the clinic technically would not fall within the prohibition of use of county tax or bond money, but if a county has no power to provide these services it may not spend any money it might have, from whatever source obtained, for that purpose.

Although we have no doubt that the clinic provides a beneficial and needed service it is our conclusion that the Constitution and statutes of our State deny the county the authority to use revenue sharing funds for support of the clinic. For the same reasons we conclude that it may not grant a portion of its revenue sharing funds to the Willacy County Hospital District.

## SUMMARY

Where Willacy County and the Willacy County
Hospital District have identical boundaries, and where
both the Constitution in Article 9, Sec. 9, and the Act
creating the district provide that no political subdivi-
sion within its boundaries shall have the power to
levy taxes, etc., for hospital purposes or for pro-
viding medical care, the county may not use federal
revenue sharing funds to support the projects referred
to in your questions.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee