

# The Attorney General of Texas

June 20, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
H········on, TX. 77002
)      J-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Michael D. Meredith
Moore County Attorney
P. O. Box 634
Dumas, Texas

Opinion No. H- 1189

Re: Authority of Moore County
to grant revenue sharing funds to
private day care center.

Dear Mr. Meredith:

You ask whether Moore County may use federal revenue sharing money to supplement the operating budget of a private nonprofit day care center. The county receives the funds under the State and Local Fiscal Assistance Act of 1972, 31 U.S.C. SS 1221 - 1265. A 1976 amendment to the Act deleted the provision which required local governments to apply revenue sharing funds to certain priority expenditures. Pub. L. No. 94-488, 90 Stat. 2341. See also 31 C.F.R. S 51.41. A local government is still required to spend these funds "in accordance with the laws and procedures applicable to the expenditure of its own revenues." 31 U.S.C. S 1243(a)(4).

The commissioners court has only those powers that the Constitution and statutes have conferred upon it. Canales v. Laughlin, 214 S.W.2d 451 (Tex. 1948). Statutory authority exists for the provision of services to specific groups of children. See, e.g., V.T.C.S. art. 2351, S 11 (provision for support of paupers); V.T.C.S. art. 5138 (county homes for dependent and delinquent children); V.T.C.S. art. 5547-203 (community mental health – mental retardation centers). See also V.T.C.S. art. 695a-4 (federally established day care program administered through Department of Public Welfare). Under appropriate circumstances, these statutes would authorize the county to provide day care for some children. See Attorney General Opinion H-423 (1974) (child care center operated under V.T.C.S. art. 5547-203). Where a county is authorized to provide child care, it may contract with a private entity to perform this service. See Attorney General Opinion M-843 (1971) (contract with private agency for care and supervision of juvenile delinquents). See also Attorney General Opinion H-127 (1973) (use of revenue sharing funds to contract with corporation to establish recreation center for indigent aged).

However, we find no statute authorizing the commissioners court to provide day care for all children in the county. Prior opinions of this office have indicated that the county does not have general authority to provide day care at the discretion of the commissioners court. See Attorney General Opinions M-264 (1968); O-5386 (1943). The proposed transaction does not require the recipient to use the funds to provide day care only in those instances where the county could provide it. It instead appears to be an unconditional grant to a private entity, which in our opinion constitutes a donation of public funds to a private corporation, in violation of article 3, section 52 and article 11, section 3 of the Texas Constitution. See Attorney General Opinions H-520 (1975); M-661 (1970); O-5386 (1943).

## SUMMARY

While under certain circumstances a county may contract with private entities for day care services, a county may not make an unconditional grant of revenue sharing funds to a private day care center serving children generally. The proposed expenditure would violate article 3, section 52 and article 11, section 3 of the Texas Constitution.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn