

# The Attorney General of Texas

April 15, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Joe Resweber
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002

Opinion No. MW-171

Re: Authority of certain counties to require building permits for structures outside the area designated by the Federal Flood Insurance Administration.

Dear Mr. Resweber:

You have asked our opinion whether Harris County has authority under law to require building permits for structures constructed or placed within that portion of the unincorporated area of Harris County which is outside of the flood plain areas designated by the Federal Flood Insurance Administration as having special flood hazards. You advise that

> regulations of Harris County, Texas, for Flood Plain Management require everyone outside of the corporate limits of any municipality to secure a permit prior to the construction of a structure, in order to assure that all structures within the 100-year flood plain are build [sic] to the elevation of the 100-year flood.

It is well established that counties have only those powers and duties that are specifically conferred upon them. Canales v. Laughlin, 214 S.W.2d 451 (Tex. 1948); Mills County v. Lampasas County, 40 S.W. 403 (Tex. 1897). Consequently, unless the legislature has granted the county power to regulate within or without the flood plain areas, it cannot require building permits.

Counties have been granted limited powers under the Flood Control and Insurance Act, Water Code § 16.311 et seq. We have previously concluded, however, that while that act authorizes political subdivisions to enact land use regulations which have as their purpose and effect compliance with requirements and criteria promulgated pursuant to the National Flood Insurance program, the regulations have no application outside areas designated by the Federal Flood Insurance Administrator in accordance with 24 C.F.R. section 1910.3, after that designation is made. Attorney General Opinion H-978 (1977).

The same legislature which passed the Flood Control and Insurance Act provided additional flood damage control powers to certain counties. These counties are those bordering on the Gulf of Mexico or the tidewater limits thereof. Article 1581e-1, section 2, V.T.C.S. Harris County is such a county. The power conferred on these counties is set forth in section 4, which provides:

> The commissioners court of any such county shall have the power and authority to enact and enforce regulations which regulate, restrict, or control the management and use of land, structures, and other development in flood, or rising water prone, areas in such a manner as to reduce the danger of damage caused by flood losses. This power and authority may include, but shall not be limited to, requirements for floodproofing of structures which are permitted to remain in, or be constructed in, flood or rising water prone, areas; regulations concerning minimum elevation or any structure permitted to be erected in, or improved in, such areas; specifications for drainage; and any other action which is feasible to minimize flooding and rising water damage.

The powers are not restricted by or conditioned on any actions of the Federal Flood Insurance Administrator.

The powers may only be exercised in the flood or rising water prone areas. However, section 2 of the act empowers the commissioners court to conclusively establish the limits of the flood or rising water prone areas by making findings in a resolution passed by it. Attorney General Opinion H-1024 (1977).

Thus, upon the definition of flood or rising water prone areas within the county, the commissioners court acquires regulatory authority in the defined area that is not contingent on or limited by the actions of the Federal Flood Insurance Administration. While we do not pass on the specific details of any plan, regulations promulgated by the commissioners court, requiring building permits within the defined area, to assure that all structures within the 100-year flood are built to the elevation of the 100-year flood plain, are clearly within the power delegated to the court. As noted in the purpose of the Act, it is intended ". . . to promote the public interest by providing appropriate protection against the perils of flood losses and encouraging sound land use by minimizing exposure of property to flood losses." V.T.C.S. art. 1581e-1, § 1.

## SUMMARY

> Article 1581e-1, V.T.C.S., gives the commissioners court of Harris County authority to require building permits in unincorporated areas for structures constructed or placed in the defined flood, or rising water prone, areas which are outside the flood plain areas designated by the Federal Flood Insurance Administration as having special hazards.

Honorable Joe Resweber  -  Page Three  (MW-171)

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Tim Brown
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jim Allison
Tim Brown
Walter Davis
Susan Garrison
Rick Gilpin
Bruce Youngblood