

# The Attorney General of Texas

May 9, 1984

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

701 Texas, Suite 700
ouston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas    77002

Opinion No. JM-157

Re:   Whether   a   commissioners
court may expend county funds
to encourage voter registration

Dear Mr. Driscoll:

You ask whether the Harris County Commissioners Court may expend county funds to promote and encourage voter registration and whether the county and the registrar of voters may contract for that purpose with a non-profit organization which specializes in voter registration. We conclude that county funds may be expended to promote and encourage voter registration and that the commissioners court, with the cooperation of the registrar of voters, may contract with a non-profit organization to perform the services that the county and the registrar are authorized to provide.

A county commissioners court has only the powers conferred either expressly or by reasonable implication by the constitution and statutes of this state. See Tex. Const. art. V, §18; Canales v. Laughlin, 214 S.W.2d 451, 453 (Tex. 1948).

The Election Code establishes the county tax assessor-collector as the registrar of voters in a county unless the commissioners court designates a different person to serve in that capacity. Elec. Code arts. 5.09a, subd. 1; 5.09b, subd. 1; 5.24a, subds. 1, 3. The registrar is responsible for, among other things, the registration of voters and duties incident to voter registration that are placed upon him by law. Elec. Code art. 5.09a, subd. 2. It is the intent of the legislature that the registrar, in order to promote and encourage voter registration, shall enlist the support and cooperation of interested citizens and organizations. Elec. Code art. 5.20a, subd. 4. Article 5.19b provides specified reimbursement to the counties from the state's general revenue fund for expenses of the registrar's office in the registration of voters, and article 5.09a, subd. 3 provides that the expenses of the registrar in excess of the reimbursement received from the state shall be borne by the county. See Attorney General Opinion JM-61 (1983). Accordingly, we conclude that the Election Code authorizes the commissioners court to expend

of the enumerated programs or methods of operation proposed by the voter registration organization here.

Articles 5.09a and 5.20a of the Election Code expressly provide that the registrar of voters is responsible for voter registration, including deputy registrars, registration places, support and cooperation of interested citizens and organizations, and other duties incident to voter registration. The commissioners court

> is the general business and contracting agency of the county, and it alone has authority to make contracts binding on the county, unless otherwise specifically provided by statute.

Anderson v. Wood, supra. Accordingly, it is our opinion that the commissioners court, with the consent and cooperation of the registrar of voters, may contract with a non-profit organization to perform the voter registration services that are within the power and authority of the county and the registrar. See Attorney General Opinion H-1123 (1978).

S U M M A R Y

> County funds may be expended to promote and encourage voter registration. A commissioners court and registrar of voters, acting together, may contract with a non-profit organization for the purpose of promoting and encouraging voter registration.

Very truly yours,

JIM   MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Nancy Sutton
Assistant Attorney General