

# The Attorney General of Texas

June 13, 1985

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Carlos Valdez
Nueces County Attorney
County Courthouse, Room 206
Corpus Christi, Texas    78401

Opinion No. JM-324

Re: May a county fund an educational campaign to discourage public litter, and related questions

Dear Mr. Valdez:

Your office advises that the Nueces County Commissioners Court has been asked to partially fund a nonprofit corporation that conducts area-wide educational programs for the abatement of litter and trash, and which on occasion also organizes volunteers for specific cleanup activities, and for the distribution of litter and refuse recepticles in the area. You ask if the county may legally supply funds to the organization for such purposes.

Article III, section 52 of the Texas Constitution reads in pertinent part:

> (a) Except as otherwise provided by this section, the Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever, or to become a stockholder in such corporation, association or company.

The only exceptions "otherwise provided" allow the lending of credit for certain purposes upon a vote of residents. (A tax to service any indebtedness assumed must be established.) Those purposes, however, are limited to improvement, construction, maintenance or operation of waterways, bodies of water, or roads and turnpikes. None of the exceptions purport to permit <u>grants</u> of money; they make exception only for "lending of credit" in certain situations. And none make exception expressly for purposes of the control or abatement of trash or litter.

Inasmuch as counties possess only those powers given them by the Constitution of Texas or statutes enacted pursuant thereto, Tex. Const. art. V, §18(b); Canales v. Laughlin, 214 S.W.2d 451 (Tex. 1948), and inasmuch as the legislature is prohibited by article III, section 52 of the Texas Constitution from authorizing a county to make a gratuitous grant of funds to a corporation for any purpose, the Nueces County Commissioners Court may not make an unrestricted grant to the nonprofit corporation for the purpose of funding its operations in whole or in part. See Tex. Const. art. XI, §3; Attorney General Opinions JM-103 (1983); MW-329 (1981); H-1189 (1978); H-397 (1974).

Notwithstanding the above, a county is not prevented by article III, section 52 or article XI, section 3, of the Texas Constitution from using a nonprofit corporation as an instrumentality to accomplish a proper county purpose so long as it retains, by contract or other means, sufficient control of the matter to assure that the public purpose will be served. See Attorney General Opinion JM-103 (1983). If an educational program for the abatement of litter and trash cleanup activities, and the placement of receptacles for litter and refuse, is a program which the county itself might lawfully conduct, it can contract in good faith to pay a nonprofit corporation for its help in accomplishing that purpose. See Attorney General Opinion JM-65 (1983).

We believe the Litter Abatement Act, coupled with the declaration in section 1.07 of article 4414b, V.T.C.S., that the

> commissioners court of any county shall have the
> authority to appropriate and expend money from the
> general revenues of its county for and in behalf
> of public health and sanitation within its county,

furnishes ample authority for the commissioners court of Nueces County to conduct a public educational campaign designed to abate littering in the county.

The Texas Litter Abatement Act, article 4477-9a, V.T.C.S., was enacted in 1981 to take effect in 1982. Acts 1981, 67th Leg., ch. 741 at 2710. It makes it a crime to dispose of trash, junk, garbage, refuse, unsightly matter, or other solid waste on a public highway, right-of-way, or on other public or private property without written consent, or into any inland or coastal waters of Texas. And the provision is enforceable by a.

> law enforcement officer of this state or of a
> political subdivision of this state or a health
> officer of a municipality authorized by law to
> regulate matters of sanitation and public
> health. . . .

V.T.C.S. art. 4477-9a, §2.01(d).

Another section of article 4477-9a makes it illegal to dump untreated or unprocessed litter or refuse within three hundred yards of a state highway, even if it is done by a municipal corporation or by the owner of the land, or by someone with the owner's consent. Id. §2.04(c). A county or district attorney may bring suit to prevent or restrain a violation of the section. Id. §2.04(g). In our opinion, these provisions clearly imply power in county officials to discourage littering and, in fact, make it the duty of the county to prevent littering.

The possibility of a nexus between public health and litter, trash, refuse, rubbish, junk or garbage is not doubted. See Attorney General Opinions JM-65 (1983); H-1280 (1978). Cf. Price v. City of Junction, 711 F.2d 582 (5th Cir. 1983). We believe, therefore -- particularly if the commissioners court finds as a fact that a campaign against litter would prevent a deterioration of public health, or serve to improve it -- that the expenditure of county funds for the purpose of preventing public or private litter is authorized by the statutes of this state. A contract with a private nonprofit corporation whereby the county provides funds in return for the aid of the organization in accomplishing that purpose would not be prohibited so long as the contractual provisions assure receipt by the county of an adequate quid pro quo designed to further that end. Cf. Attorney General Opinion H-1123 (1978).

### S U M M A R Y

A publicly funded contract with a private nonprofit corporation to aid Nueces County in preventing public or private litter is not prohibited so long as the contractual provisions assure receipt by the county of an adequate quid pro quo designed to accomplish that purpose.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Bruce Youngblood