

# The Attorney General of Texas

February 21, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable E. Bruce Curry
District Attorney
521 Earl Garrett Street
Kerrville, Texas    78028

Opinion No.  JM-432

Re:    Whether a county may lease
the right to cross county right-
of-way to a pipeline company

Dear Mr. Curry:

You inform us that the Gillespie County Commissioners Court has established a policy whereby a pipeline company is required to obtain a permit from the court before running pipelines under public roads or highways located within the county.  Your letter also indicates that the county's policy includes provisions whereby the county may lease such right-of-way crossings to a pipeline company in order to receive annual payments.  In that regard, you ask whether a county has the authority to lease such right-of-way crossings to a common carrier subject to chapter 111 of the Natural Resources Code.

The legislature, having declared pipeline companies to be common carriers, has granted them the right to lay pipelines "along, across, or under" public roads or highways.  See Nat. Res. Code §§111.020(a), 111.002.  A county commissioners court has been granted the limited authority to approve and establish guidelines to regulate these pipelines.  See Nat. Res. Code §111.020(b)(4).  Section 111.020(b)(4) provides that:

> (b)  The right to run a pipeline or telegraph or telephone line <u>along, across, or over a public road or highway</u> may be exercised only on condition that:

> (4)  no pipes or pipelines are laid parallel with and on a public highway closer than 15 feet from the improved section of the high-way <u>except with the approval and under the direction of the commissioners court of the county in which the public highway is located.</u>  (Emphasis added).

Thus, the Gillespie County Commissioners Court may require the pipeline company to obtain a permit which is reasonably related to carrying out the authority explicitly granted in section 111.020(b)(4).  See Tex. Const. art. V, §18; Canales v. Laughlin, 214

S.W.2d 451, 453 (Tex. 1948). Section 111.020(c) requires the common carrier to compensate the "county or road district" for any damage done to the public road or highway. See Nat. Res. Code §111.020(c). We believe that these provisions do not grant the county commissioners court the additional authority to lease right-of-way crossings to a common carrier pipeline company.

Moreover, common carriers are regulated exclusively by the Texas Railroad Commission under chapter 111 of the Natural Resource Code. See Nat. Res. Code, §111.001 et seq. Section 111.020(d) expressly provides that a common carrier, in order to acquire the right of constructing pipelines along, across, or under public roads and highways must consent to be regulated by chapter 111. Such consent is "in consideration of the rights acquired." This language directly implies that the exchange of rights to construct for the power of the state to regulate is both mutual and exclusive, and no other power is conferred on the county to lease or convey the realty in question. Nat. Res. Code §111.020(d). Thus, article 1577, V.T.C.S., which establishes a procedure whereby a county commissioners court may lease county owned real estate, does not apply to common carrier pipelines. See V.T.C.S. art. 1577 (establishes procedures for public auction).

S U M M A R Y

Section 111.020(b)(4) does not authorize a county commissioners court to lease right-of-way crossings to pipeline companies, which are common carriers subject to chapter 111 of the Texas Natural Resource Code.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory
Assistant Attorney General