Honorable David W. Wallace Sutton County Attorney Sonora, Texas 76850
Re: Authority of a commissioners court to enter into certain contracts to provide health insurance coverage for its employees (RQ-1237)
Dear Mr. Wallace:
You ask:
 Does [the County Commissioners Court of Sutton County] have the authority, in its effort to provide health insurance coverage for employees and dependents, to enter into a contract under the following circumstances:
 1. A portion of the total money spent by the county for coverage goes into a separate bank account for payment of a portion of the medical benefits due to employees and dependents.
 2. The administration of the above mentioned bank account, and the benefits paid from it, is in the control of a company that is unlicensed as an insurance company and is totally independent from the county except for certain contractual conditions which are further detailed in this request and the attachments.
 3. The administrator of the bank account provides for the purchase of high deductible ($500.00) insurance. However, the coverage that the complete program offers is for a lower deductible ($100.00). Sutton County, through the administration of this account by the third party, assumes the risk for this difference in deductible.
 4. All interest on the county funds deposited to this account that exceed 5% pass on to the exclusive use of the administrator.
 5. The administrator draws regular monthly fees out of this bank account.
 6. Termination of the contract with the administrator by the county results in penalties of up to 50% of the county funds in the above bank account to be forfeited to the administrator.
The scheme you describe would involve the county's self-insuring a portion of the deductible amount provided for in the underlying insurance contract. Attorney General Opinion MW-473 (1982) noted that there was only one statutory provision authorizing such a self-insurance scheme, i.e., section 2 of article 2372h, V.T.C.S., which applied only to counties with populations of over 500,000. Article 2372h was repealed by the 70th Legislature in 1987 and section 2 was recodified as section 157.002 of the Local Government Code. The provision currently embodied in section 157.002 remains the only one in Texas law authorizing a county to self-insure. Since Sutton County's population is less than 500,000, section 157.002 does not authorize it to self-insure. Since certain counties are authorized, under section 157.002, to self-insure, the lack of authorization elsewhere in Texas law for other counties such as Sutton County to self-insure, indicates that the legislature did not intend to authorize counties with populations under 500,000 to self-insure. Commissioners courts may exercise only such powers specifically conferred upon them, by the constitution or by statute, or which may reasonably be implied therefrom. Canales v. Laughlin, 214 S.W.2d 451 (Tex. 1948). See also Attorney General Opinion JM-406 (1985).
We are therefore of the opinion that the Sutton County self-insurance scheme you described is not authorized by law. Having reached this conclusion, we need not address the other issues that we would have addressed had we answered in the affirmative the threshold question of the county's authority to self-insure; e.g., whether county funds may legally be deposited with the administrator in light of chapter 116 of the Local Government Code, whether the administrator would be authorized to act as such in light of article 21.07-5 of the Insurance Code, etc.
 SUMMARY
The commissioners court of Sutton County is not authorized to self-fund a health insurance program for county employees.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lous McCreary Executive Assistant Attorney General
 Judge Zollie Steakly Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by William Walker
Assistant Attorney General