OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

April 13, 2001

The Honorable José R. Rodríguez
El Paso County Attorney
500 East San Antonio, Room 203
El Paso, Texas 79901

Opinion No. JC-0367

Re: Whether a county may charge an applicant for a plat revision the costs of issuing notice of the proposed revision (RQ-0309-JC)

Dear Mr. Rodríguez:

Under section 232.041(b) of the Local Government Code, a commissioners court must issue notice of an application to revise a subdivision plat. You ask if a county may charge an applicant the costs to issue that notice.[1] We conclude that a county may not do so because a commissioners court lacks express authority to charge for such costs, and implied authority is insufficient.

To provide a context for your inquiry, we discuss the power of a county and the statute at issue, section 232.041 of the Local Government Code, in that order. It is settled law that a county has only those powers specifically conferred by the constitution or by statute. *See Canales v. Laughlin*, 214 S.W.2d 451, 453 (Tex. 1948). As we stated in LO-98-118, a county must have specific authority to charge a fee. *See* Tex. Att'y Gen. LO-98-118, at 1. As a result, implied authority is an insufficient basis for a county to charge a fee. *See id.*; *see also* Tex. Att'y Gen. Op. No. JM-346 (1985) at 3-4. Thus, if a commissioners court is not expressly authorized to charge a fee on behalf of a county, it may not do so.

Under subchapter B of chapter 232 of the Local Government Code, a person with residential subdivided land subject to the subdivision controls of the county where the land is located may make a written application to the county commissioners court for permission to revise the plat filed with the county clerk. *See* TEX. LOC. GOV'T CODE ANN. § 232.041(a) (Vernon 1999). An application to revise a plat is subject to approval by the commissioners court. *See id.* § 232.041(b). Before approving an application, the commissioners court must provide notice of the application in a newspaper of general circulation. *See id.* (stating that the notice must include the time and location that the court will consider the application and any protests to the revision of a plat and state the publishing requirements). Further, the commissioners court must provide notice to nondeveloper owners by "certified or registered mail, return receipt requested, at the owner's address in the subdivided tract . . . [i]f all or part of the subdivided tract has been sold to nondeveloper owners."

---

[1]*See* Letter from Honorable José R. Rodríguez, El Paso County Attorney, to Honorable John Cornyn, Texas Attorney General, at 1 (Nov. 7, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

*Id.* While detailed and expansive, subchapter B of chapter 232 of the Local Government Code does not contain a fee provision to replat a subdivision. *Cf. id.* §§ 232.028(g) (Vernon Supp. 2001) (allowing a commissioners court to impose a fee for a certificate for a subdivision that straddles the extraterritorial jurisdiction line of a municipality); 232.0305 (Vernon 1999) (allowing a commissioners court to impose fees upon subdividers of property for certain inspections).

You ask if a county may impliedly charge a fee to cover the commissioners court's expenses to issue notice under section 232.041(b). *See* Request Letter, *supra* note 1, at 2. In your letter, you point out that, although a county has a statutory duty to provide notice under section 232.041(b), "there is no express provision that allows a county to require the applicant to cover the costs of issuing such notice." *Id.* But you rely on the general rule that express authority is not needed to issue an order if it is reasonably necessary for a commissioners court to act in accordance with statutory or constitutional authority. *See id.* Based on this rule, you assume that a county may impliedly charge a fee. *See id.* We disagree. First, as we have said, our prior opinions establish that implied authority is not sufficient authority to charge a fee and that such authority must be express. Second, even if implied authority could be sufficient to charge a fee in some cases, we do not believe that subchapter B of chapter 232 of the Local Government Code implies this authority. A commissioners court may accomplish its statutory duty to issue notice without charging an applicant for the costs of issuing the notice.

While section 118.011(c) of the Local Government Code provides a county clerk with authority to charge and collect a reasonable fee "for performing other duties prescribed or authorized by statute for which a fee is not prescribed," it does not provide the necessary authority for a commissioners court to charge the costs of notice here. TEX. LOC. GOV'T CODE ANN. § 118.011(c) (Vernon Supp. 2001). As we stated earlier, it is settled law that express authority is required for a court to charge a fee and that implied authority is insufficient. Section 118.011(c) expressly authorizes a county clerk—not the commissioners court—to charge a reasonable fee for performing duties prescribed by statute. This statue does not authorize a county clerk to charge a fee for a duty imposed on the commissioners court or for duties the clerk may perform on behalf of the commissioners court. While the county clerk is the clerk of the commissioners court,[2] we do not believe a clerk's authority to charge a reasonable fee extends to a commissioners court. Rather, an authorizing statute must plainly state that a commissioners court may charge a reasonable fee. When the legislature intends for a commissioners court to have the authority to charge a fee, it expressly provides that authority. *See, e.g., id.* §§ 383.027(a) (Vernon 1999) (noting that a county may require a petitioner for a county development district to pay costs of notice associated with the formation of district); 235.005 (providing a commissioners court with authority to develop a fee schedule, setting and charging fees, for inspection and issuance of a building permit under chapter 235 of the Local Government Code); 381.003(c) (authorizing a commissioners court to collect fees if the court contracts "with a local workforce development board for . . . services authorized by Chapter 2308, Government Code"); TEX. GOV'T CODE ANN. § 1473.232 (Vernon 2000) (authorizing a commissioners court to impose and collect fees for services and information provided to others for

---

[2]*See* TEX. CONST. art. V, § 20.

use of the county crime detention facility). Allowing a county clerk to charge fees under this statute would expand section 118.011(c) to permit counties to charge an unlimited number of fees through their county clerk. *See Glasscock Underground Water Conservation Dist. v. Pruitt*, 915 S.W.2d 577, 581 (Tex. App.–El Paso 1996, no pet.) (requiring courts to consider consequences of statutory construction); TEX. GOV'T CODE ANN. §§ 311.023(5) (Vernon 1998) (construing statutes, a court may consider the consequences of a particular construction); 311.021 (Vernon 1998) (presuming intent for a just and reasonable result in the enactment of a statue). In the absence of any precedent, we decline to construe section 118.011(c) expansively.

To conclude, while a commissioners court may have broad discretion over county business generally, a commissioners court may not impliedly charge fees. Here, there is no express authority for a commissioners court to charge a fee on behalf of a county. We therefore conclude that without express constitutional or statutory authority, a county may not charge an applicant for the costs of issuing notice of a plat revision.

## S U M M A R Y

Because it has no express constitutional or statutory authority to do so, a county may not charge an applicant for a plat revision for the costs of issuing notice of the proposed revision under Local Government Code section 232.041(b).

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

SUSAN D. GUSKY
Chair, Opinion Committee

Polly McCann Pruneda
Assistant Attorney General - Opinion Committee