

February 15, 2018


The Honorable James Caleb Henson
Leon County Attorney
Post Office Box 429
Centerville, Texas 75833

Opinion No. KP-0180

Re: Whether a county commissioners court may deny a county judge longevity pay due to receipt of a State salary supplement pursuant to section 26.006 of the Government Code (RQ-0173-KP)


Dear Mr. Henson:

You inform us that the Leon County personnel policy provides for longevity pay to full-time county officers and employees who are not paid by grants and whose total salary is paid by the county.[1] You further state that the longevity pay policy excludes those who "receive a salary supplemented by the State," effectively excluding the county judge. Request Letter at 1. You ask whether a county commissioners court may adopt a longevity pay policy for county officers and employees that excludes the county judge expressly because the judge receives a State judicial supplement. *Id.*

The commissioners court is the county's principal governing body, exercising "aspects of legislative, executive, administrative, and judicial functions." *Henry v. Cox*, 520 S.W.3d 28, 36 (Tex. 2017). The commissioners court exercises a core legislative function when it makes the county's budget. *Id.* at 36. In doing so, the commissioners court must establish county compensation for its employees and officers. TEX. LOC. GOV'T CODE § 152.011. The commissioners court's authority to set compensation under Local Government Code section 152.011 includes the authority to pay longevity pay. *See* Tex. Att'y Gen. Op. Nos. KP-0135 (2017) at 2 (observing that compensation under section 152.011 of the Local Government Code can include longevity pay); KP-0060 (2016) at 2 (recognizing the commissioners court's discretion to provide longevity pay to an officer).[2] The commissioners court has discretion to decide the compensation of its employees and officers in light of their individual responsibilities. *See Canales v. Laughlin*, 214 S.W.2d 451, 453 (Tex. 1948) (stating that a commissioners court has

---

[1]*See* Letter from Honorable James Caleb Henson, Leon Cty. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Aug. 17, 2017), https://www.texasattorneygeneral.gov/opinion/requests-for-opinions-rqs ("Request Letter"); *see also* Leon County Policy on Longevity Pay 4.03 (on file with the Op. Comm.).

[2]Longevity pay is an incremental increase in salary generally based on length of service. Tex. Att'y Gen. LO-96-007, at 2. It "is not merely a benefit, but is an element of salary." Tex. Att'y Gen. Op. No. JC-0438 (2001) at 2; *see also* TEX. GOV'T CODE §§ 403.055(*l*)(1) (defining "compensation" as including salary and longevity pay for certain purposes); 659.0445(a)–(b) (longevity pay for certain State-paid judges after 16 years of service).

broad discretion in exercising express powers); Tex. Att'y Gen. Op. Nos. GA-0857 (2011) at 3 (recognizing the commissioners court's broad discretion with respect to compensation and the county budget), JC-0026 (1999) at 1 (determining that county may pay longevity pay to its sheriff at a different level than that paid other elected officials), H-1161 (1978) at 2 (determining that the commissioners court had discretion to pay county law enforcement officers different compensation).

A county judge has two distinct constitutional functions. First, the county judge is the presiding member of the commissioners court, the legislative body of the county with "jurisdiction over all county business." TEX. CONST. art. V, § 18(b). Second, the county judge presides over the constitutional county court, performing judicial functions as the Legislature provides. *Id.* art. V, §§ 15, 16. The extent of judicial services required of the constitutional county court varies by county. *See* TEX. GOV'T CODE §§ 26.041, .103–.353. Section 26.006 of the Government Code provides for an annual salary supplement to county judges who perform substantial judicial functions:

> (a) A county judge is entitled to an annual salary supplement from the state in an amount equal to 18 percent of the annual compensation provided for a district judge in the General Appropriations Act if at least 40 percent of the functions that the judge performs are judicial functions.
>
> . . . .
>
> (c) The commissioners court in a county with a county judge who is entitled to receive a salary supplement under this section may not reduce the county funds provided for the salary or office of the county judge as a result of the salary supplement . . . .

*Id.* § 26.006(a), (c). The supplement in subsection 26.006(a) compensates county judges for performing the requisite amount of judicial functions in addition to their commissioners court duties. *See id.* § 26.006(a). Subsection 26.006(c) prohibits a county from effectively denying the salary increase from the State component by reducing the county component—"the county funds provided for the salary or office of the county judge." *Id.* § 26.006(c). Subsection 26.006(c) manifestly requires that the recipient of a State supplement—not the county—receive the full effective benefit of the State supplement. *See id.*; *see also* Tex. Att'y Gen. Op. No. JC-0397 (2001) at 2, 4–5 (determining that a county may not pay its share of employment taxes from a county judge's State salary supplement); TEX. GOV'T CODE § 41.255(a)–(b) (analogous statute requiring a county to pay a longevity pay supplement to assistant prosecutors and providing that the county may not "reduce the salary of the assistant prosecutor to offset the longevity pay supplement"). So long as a county honors that legislative directive, subsection 26.006(c) does not limit the county's discretion to determine the salary it will pay its officers and employees, including the county judge. Thus, if a county has never paid or agreed to pay longevity pay to the county judge, paying other officers and employees longevity pay does not "reduce the county funds provided" for the county judge. TEX. GOV'T CODE § 26.006(c). Moreover, provided the county has not

reduced the county funds that make up the county component of the judge's salary, its reasons for not including the county judge in the longevity pay policy are immaterial for purposes of subsection 26.006(c).    Accordingly, subsection 26.006(c) of the Government Code does not preclude a longevity pay policy that excludes the county judge, provided the policy does not effectively reduce the county judge's salary to offset the county judge's State salary supplement.

## S U M M A R Y

Subsection 26.006(c) of the Government Code does not preclude a county policy that excludes a county judge who receives a State salary supplement from receiving longevity pay paid to other officers and employees, provided the policy does not effectively reduce the county judge's salary to offset the county judge's State salary supplement.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee